## Town of Dell Rapids v. Irving.

1. The provisions of section 1302, Comp. Laws, imposing upon township supervisors the duty of assessing the damages sustained by the owner of land by reason of the laying out, altering, or discontinuing any road,— the right to an appeal and a jury trial being given to the party who feels aggrieved by any such determination or award of damages made by such supervisors (section 1324, Comp. Laws),—are not in conflict with the provisions of sec. 13, art. 6, of the state constitution, which reads as follows: "Private property shall not be taken for public use, or damaged, without just compensation as determined by a jury, which shall be paid as soon as it can be ascertained and before possession is taken. * * * "

2. The purpose of the provisions of the constitution evidently is to secure to a party whose property is taken or damaged for public use, the right to a jury trial upon the question of damages, and that right is secured by giving to the party whose land is so taken or damaged the right to an appeal to a court in which such a jury trial may be had.

3. The term "municipal corporation," as used in chapter 94, Laws 1891, does not include townships organized under the laws of this state.

4. The term "other corporations" does not include townships organized under the laws of this state.

5. Chapter 94, Laws 1801, was designed to effect "municipal" and "other corporations" referred to in section 18, art. 17 of the constitution only, and has no application to *quasi* corporations organized under the laws of this state for political and governmental purposes.

(Syllabus by the Court.   Opinion filed August 3, 1895.)

Appeal from circuit court, Minnehaha county.   Hon. JOSEPH W. JONES, Judge.

Proceedings for the establishment of a highway.   From the judgment rendered on appeal from an order of the town supervisors, plaintiff appeals.   Reversed.

The facts are stated in the opinion.

*Palmer, Preston & Rogde* for appellant.

Civil townships can assume and exercise corporate functions for such purposes only as are provided by the law.   Dillon, Mun. Corp. 41; VanAntwerp v. Dell Rapids, 59 N. W. 209.

*R. W. Hobart* and *Bailey & Voorhees* for respondent.

CORSON, P. J.   This is an appeal by the plaintiff from a judgment rendered by the circuit court in favor of the defendant upon an appeal from an order of the board of town supervisors of the town of Dell Rapids, laying out a highway over the land of the defendant.   The appeal from the order to the circuit court seems to have been taken upon the ground that said board refused to assess any damages in favor of the defendant, and in her notice of appeal she claims $300 damages.

The appellant contends that the judgment of the circuit court is erroneous, in that it reverses and sets aside the proceedings of the board of supervisors when, under the theory of the case adopted by the court, a judgment dismissing the appeal, only, should have been entered; but as both parties seem to desire a decision upon the more important questions presented, namely, whether or not the provisions of the Compiled Laws relating to

the subject of assessing damages in laying out town roads are in conflict with the state constitution, or have been repealed by Chapter 94, Laws 1891, we express no opinion as to the form of the judgment.

When the case was called for trial in the circuit court the counsel for the defendant objected to the introduction of any evidence "for the reason that the statute under which the proceedings in this action have been attempted to be had is in violation of the provisions of the constitution of the state of South Dakota, and especially in violation of the provisions of the bill of rights, and also in that the statute has been repealed by Chapter 94 of the laws of South Dakota of 1891." The motion was granted and the court directed a verdict for the defendant.

Two questions are presented by the record for our determination: First, are the provisions of the Compiled Laws relating to the assessment of damages in proceedings for laying out town roads in conflict with Section 13, Art. 6, of the state constitution? Second. Are the provisions relating to the assessment of damages contained in the Compiled Laws repealed by the provisions of Chapter 94, Laws of 1891?

Section 13, art. 6, of the constitution reads as follows: "Private property shall not be taken for public use, or damaged, without just compensation as determined by a jury, which shall be paid as soon as it can be ascertained and before possession is taken. No benefit which may accrue to the owner as the result of an improvement made by any private corporation shall be considered in fixing the compensation for property taken or damaged. The fee of land taken for railroad tracks or other highways shall remain in such owners, subject to the use for which it is taken." It is contended by the respondent, in support of the judgment of the circuit court, that by the terms of that section damages can only be assessed by a jury, and that the provisions of Section 1302, Compiled Laws, providing for assessing damages, is in conflict with said section of the constitution. But we are of the opinion that there is no conflict between the provis-

ions of the Compiled Laws and the provision of the constitution. The object of the constitutional provision evidently is to secure, to parties whose property is taken for public use, the right to a jury trial upon the question of damages. This we think is secured to them by providing for an appeal to the proper court in which a jury trial can be had. Comp. Laws, § 1324. If the parties agree upon the amount of damages to be awarded, or the party is satisfied with the amount awarded by the town supervisors, there would be no necessity for a jury trial. If, however, the parties cannot agree, or the party is dissatisfied with the award made by the supervisors, he can by an appeal secure a trial by a jury upon the question of damages. This right of an appeal and a jury trial carries into effect the constitutional provision. Hence we discover no conflict between the provisions of the statutes and the constitution.

We cannot agree with counsel for respondent that the damages must in all cases be assessed by a jury, and that no highway can be laid out over the land of a private party until the damages are assessed, notwithstanding the party may be satisfied with the amount awarded by the town board of supervisors, or to be satisfied with the amount that the board may be willing to allow. To so hold would require a very strict construction of the constitutional provision, and would not, in our opinion, carry out the evident intention of the framers of that instrument, which seems to have been to secure to the party such right if he desired to avail himself of it. That such was the design of the constitution is quite evident from the subsequent section upon this subject under the title of "Corporations." Section 18, art. 17, reads as follows: "Municipal and other corporations and individuals invested with the privilege of taking private property for public use shall make just compensation for property taken, injured or destroyed, by the construction or enlargement of their works, highways or improvements, which compensation shall be paid or secured before such taking, injury or destruction. The legislature is hereby prohibited from depriving any person of an appeal from any preliminary assessment of damages against any

such corporation or individuals made by viewers or otherwise, and the amount of such damages in all cases of appeal shall, on the demand of either party, be determined by a jury as in other civil cases." It will be observed that this section clearly contemplates· that damages in the first instance may be assessed by "viewers or otherwise," as the legislature is "prohibited from depriving any person of an appeal from any preliminary assessment by viewers or otherwise." A constitution, like a statute, is to be read as· one instrument, and all its provisions may be considered in ascertaining the intention of its framers as to any provision it contains.

It is further contended by the respondent that, assuming the provisions of the Compiled Laws relating to the assessment of damages are constitutional, the provisions of Chapter 94, Laws 1891, have in effect repealed the provisions relating to damages, and that all proceedings to assess the amount of damages must be had under the provisions of the latter act. But we are unable to agree with the counsel in this contention. · The act of 1891 seems to have been intended to carry into effect the provision of Section 18, art. 17, heretofore given. The first section of the act of 1891, c. 94, reads as follows: "In all cases when municipal or other corporations, or individuals, invested with the privilege of taking private property for public use or damaging the same in making, constructing or repairing any work or improvement allowed by law, shall determine to exercise such privilege, it shall be the duty of such corporation or individual to file a petition in the circuit court of the county in which the property to be taken or damaged is situated, praying that the just compensation to be made for such property, may be ascertained by a jury." As has before been stated, this section of the constitution is found in the article entitled "Corporations," and, as will be observed, it only applies to "municipal or other corporations" and individuals invested with the privilege · of taking property for public use. Unless, therefore, towns organized under the laws of this state are included within the terms "municipal or other corporations," the law of 1891 does not apply to them. Judge DILLON, in his work on Municipal Corporations, de-

fines a municipal corporation as follows: "The incorporation by the authority of the government of the inhabitants of a particular place or district, and authorizing them, in their corporate capacity, to exercise subordinate specified powers of legislation and regulation with respect to their local and internal concerns. The power of local government is the distinguishing feature of municipal corporations proper, and is used with us in the strict and proper sense just mentioned." Dill. Mun. Corp. § 20. In the American and English Encyclopedia of Law a municipal corporation proper is thus defined: "A municipal corporation proper is created mainly for the interest, advantage, and convenience of the locality of its people. The primary idea is an agency to regulate and administer the internal concerns of the locality in matters peculiar to the place incorporated, and not common to the state or people at large. Cities and incorporated villages, either created by special charter or organized under a general act, are the principal examples of municipal corporations proper." *Quasi* corporations are thus defined: "Involuntary *quasi* corporations, such as counties, towns, and school districts, are created almost exclusively with a view to the policy of the state at large, for the purposes of political organization and civil administration in matters of finance, of education, of provision for the poor, of military organization, of the means of travel and transportation, and for the general administration of justice. They are not bodies corporate and politic with the general power of corporations, but are mere political subdivisions of the state, having the powers expressly granted to them, and such implied powers as are necessary to enable them to perform their duties, and no more. They are denominated in the books, and known to the law, as quasi corporations rather than as corporations proper. They possess some corporate functions and attributes, but are primarily political subdivisions,—agencies in the administration of civil government,—and their corporate functions are granted to enable them more readily to perform their public duties." 15 Am. & Eng. Enc. Law, pp. 954, 955. From the numerous cases cited we select the following, in which the subject is

very fully discussed: Hamilton Co. v. Mighels, 7 Ohio St. 109; Riddle v. Proprietor, etc., 7 Mass. 169; School Dist. v. Wood, 13 Mass. 193; Beach v. Lehhey, 11 Kan. 23; Mower v. Inhabitants of Leicester, 9 Mass. 247; Eastman v. Meredith, 36 N. H. 284; Bailey v. Lawrence Co. (S. D.) 59 N. W. 219; Heller v. Stremmel, 52 Mo. 309; State v. Leffingwell, 54 Mo. 458.

We are of the opinion that the framers of our constitution intended, by the term "municipal corporations," to use it in its restricted sense, as applicable only to incorporated cities, towns or villages invested with the power of local legislation. This is quite apparent from other sections of the constitution. Article 9, entitled "County and Township Organizations," requires the legislature to provide by general law for organizing the counties into townships, but nowhere in that article are townships designated as municipal corporations. Article 10 is entitled "Municipal Corporations," and requires the legislature to provide by general law for the organization and classification of municipal corporations, and provides that such classes shall not exceed four. This article seems to be limited to municipal corporations proper. In article 13 it is provided that "neither the state nor any county, township or municipality shall loan or give its credit," etc. It will be observed that the term "township" is here used in connection with the term "municipality," thus clearly indicating that, in the minds of the framers of the constitution, "municipality" did not include a township. The term "town" seems to be sometimes used in the constitution in a somewhat different sense, but, when so used, clearly indicates that the town referred to is an incorporated town. Thus, section 23, art. 5, contains the following clause: "The legislature shall have power to provide for creating such police magistrates for cities and towns as may be deemed from time to time necessary, who shall have jurisdiction of all cases arising under the ordinances of such cities or towns." The use of the term "ordinances" clearly indicates a regularly incorporated town, as townships as organized under the laws of this state are not authorized to adopt ordinances. Section 773, Comp. Laws, provides that "whenever any

"incorporated village or town which is laid out into streets is included within the limits of any organized township," etc. It will be noticed that the legislature here makes a distinction between an incorporated town and an organized township, clearly indicating that a distinction is made by the legislature between an incorporated town and an organized township. At an early day the territorial legislature passed a law providing for the incorporation of towns. Comp. Laws, §§ 1022–1188, inclusive. By these provisions a board of trustees with power to enact ordinances was provided for. This law being in force when the constitution was adopted, we may fairly presume that when the framers of the constitution speak of towns, ordinances, etc., in connection with the term "incorporated towns, cities, and villages," they have reference to towns incorporated under the provisions of this law which are municipalities, and when they speak of organized towns or townships they refer to those towns which embrace a portion of the state organized into townships for political and governmental purposes. In Bailey v. Lawrence Co. (S. D.) 59 N. W. 219, the distinction between *quasi* corporations and municipal corporations was fully considered. In the case of Norton v. Peck, 3 Wis. 714, in construing a similar provision in the constitution of that state, the court held that, although towns were bodies corporate, they were not included in the term "municipal corporations." This decision was cited with approval by the same court in Eaton v. Manitowoc Co. 44 Wis. 489. In that case the court says: "Whether towns are 'municipal corporations,' in a strict legal sense, is a question which the lamented Chief Justice WHITON, in Norton v. Peck, 3 Wis. 714, say, 'is not of easy solution'; but, in construing the meaning of this dsignation in the statute considered in that case, it was held that 'municipal coporations,' as used in the constitution of this state, do not embrace towns. Towns are often called, in common parlance, and sometimes unguardedly in statutes, 'municipal corporations,' in connection with counties, cities and villages; but when so called, it is in the sense of mere corporations or *quasi* corporations, or of corporations *sub modo*, only

and not in the sense of municipalities proper. These words, when used in our own statutes, must be received in their strict and constitutional sense, unless it was clearly the intention of the legislature, in a given statute, that they should have a more extended signification. No such intention seems to be apparent in the proviso of section 1, c. 112, Laws 1867, in the use of the words 'counties or municipal corporations'; and this language should not be construed to embrace towns and school districts, but rather to exclude them." Van Antwerp v. Dell Rapids Tp. (S. D.) 53 N. W. 82; same case on rehearing, 59 N. W. 209. It will also be observed that section 1 of chapter 94 of the Laws of 1891, while it follows quite closely the language of the first clause of section 18, art. 17, of the constitution, has omitted the term "highways." This omission is significant, and seems to indicate an intention on the part of the legislature to exclude township highway proceedings from the provisions of the act. It will hardly be contended that, if towns are not included within the term "municipal corporations," they are included within the term "other corporations," as they are not strictly corporations in any sense but *quasi* corporations. There being nothing in the provisions of the law of 1891 requiring us to give an extended or enlarged meaning to the term "municipal corporation," we feel at liberty to give to it its restricted construction, and as applicable to incorporated towns, cities, or villages invested with legislative powers for the benefit of its inhabitants. Giving to the term "municipal corporations" this construction, there would seem to be no conflict between the provisions of the Compiled Laws relating to the assessment of damages and the Law of 1891. The court, in holding that the Laws of 1891 repealed the statutory provisions then existing upon the subject of laying out township highways and assessing damages for the property taken was in error. As the proceedings, so far as the record discloses, seems to have been regular, and the appeal properly taken, the evidence relating to damages should have been admitted. The judgment of the court below is therefore reversed, and a new trial ordered.