KARLENE H. CARPENTER and JAMES H. CARPENTER, JR.,

*vs.*

FRANCIS *V.* DUPONT, ROBERT N. DOWNS, DALLACE D. CUL-
VER, CANBY C. MAMMELE, J. GORDON SMITH, CLAYTON
A. BUNTING, WILLIAM P. RICHARDSON, Commissioners
of the State Highway Department of the State of Del-
aware, and JAMES JULIAN, Contractor.

*New Castle, June 7, 1949.*

*John W. Huxley, Jr.,* and *Thomas H. Wingate,* for plaintiffs.

*Albert W. James,* Attorney General, and *Percy Warren Green,* for defendants.

SEITZ, Vice Chancellor: The issue here presented is the constitutionality of a statute granting the State Highway Department the power of condemnation.

Plaintiffs own certain property in New Castle County which abuts on a public highway. On December 31, 1948 plaintiffs received notice in writing from the State Highway Department (hereafter called the "Department") that at a designated time and place application would be made to the Resident Judge of New Castle County pursuant to the provisions of *Chapter 63, Volume 29 Laws of Delaware,* 1935 *Code Paragraph* 5730 as amended, for the appointment of freeholders (called "Commissioners") to condemn a designated portion of plaintiffs' land.

Plaintiffs allege that since receiving the notice they have had no further word from the Department; that on or about January 12, 1949, the Commissioners of the Department applied to the Resident Judge of New Castle County for the appointment of Commissioners to assess the damages pursuant to statute, but that plaintiffs are informed that the Commissioners have not met. I infer from this allegation that Commissioners were appointed by the Resident Judge. Plaintiffs further allege that on February 20, 1949, an agent of the Department entered upon plaintiffs' property and

moved fences, telephone wires and poles, excavated earth, etc. No payment has been made to plaintiffs for their land.

Plaintiffs allege that the statute pursuant to which the Department commenced the condemnation of their land and entered thereon prior to payment therefor is unconstitutional in that it contravenes the *5th and 14th Amendments of the Federal Constitution* and *Article I, Section 8* of the *Delaware Constitution* in the following respects:

1. The act does not set out a definite period of time within which the Commissioners appointed by the Resident Judge shall meet to ascertain damages for the land taken.

2. The act permits the Department to enter upon and take land before estimated damages have been paid or deposited to the credit of the plaintiffs.

3. The act does not require a notice to be given lessees, mortgagees, users, or occupiers of land other than titleholders.

4. The act gives the Resident Judge the power to appoint the Commissioners, but it does not give him the power to order the Commissioners to act.

Plaintiffs pray for a preliminary and final injunction to prevent the Department from interfering with plaintiffs' property.

A rule of this court was issued on the Department members to show cause why a preliminary injunction should not be granted. Thereafter, the defendants filed a motion to dismiss the complaint on the grounds that this court lacked jurisdiction over the subject matter, and that the complaint failed to state a claim upon which relief can be granted. The rule and motion were argued together, since both in essence involve the one crucial point, namely, the constitutionality of 1935 *Code, Paragraph* 5730.

I shall first consider the motion to dismiss the com-

plaint. It is tacitly conceded by both sides that if the condemnation statute is constitutional, plaintiffs' complaint should be dismissed.

Because of its importance to the subsequent discussion, the pertinent portion of the condemnation statute is herein set forth:

"* * * the said department may apply to the associate Judge of the State of Delaware, resident in the County where any such property necessary to be taken is located for the condemnation of such property, first giving to the other party or owner at least five days' notice in writing of the intended application if such party or owner is within the State, and if said party or owner is unknown or without the State, or if under legal disability and having no legal representative in the State, then such notice shall be published in some newspaper in the County in which said property proposed to be taken is located at least five days prior to the intended application, and such publication shall be sufficient notice; upon application made as aforesaid, the said associate Judge shall appoint five judicious and impartial freeholders to view the premises or ascertain the easement or franchise, and assess the damages which the owner or owners will sustain by reason of the said construction, reconstruction, straightening, widening, grading, or other improvements to the highway, or the taking of such property. The freeholders shall be sworn or affirmed before some officer authorized to administer oaths or affirmations, before entering on the premises or before ascertaining the easement or franchise, faithfully and impartially to perform the duties assigned them. They shall give ten days' notice, in writing, to the owner or owners of the premises or property so proposed to be condemned or to their guardian or guardians, duly appointed, if within the State and to the said Department of the time of their meeting to view the premises or ascertain the easement or franchise; if the owner or owners are unknown or are without the State or if under legal disability and having no legal representative in the State, publication of such last mentioned notice shall be made in some newspaper in the County in which the proceedings were instituted at least ten days prior to the said meeting, and such publication shall be sufficient notice thereof. The said commissioners shall keep a record of their proceedings with their findings and awards and return the same to the Prothonotary of the County in which the said proceedings were instituted, and shall certify their findings and awards to the owner or owners of the property and to the Department; if the Department or any party in interest is dissatisfied with such findings or awards, it or he may, on application to said Prothonotary within fifteen

days after such findings and awards have been made and filed, sue out a writ of ad quod damnum, requiring the Sheriff of said County, in the usual form, to inquire of twelve impartial men of his bailiwick of the damages which will be sustained as aforesaid, and their report shall be final. The said commissioners or the said jury shall, in assessing the damages aforesaid, take into consideration the benefits and advantages to the owner or owners resulting from the proposed highway improvement and set off the value of such benefits or advantages against the loss, detriment and disadvantages, which such owner will suffer, provided that in no case shall the amount estimated as and for benefits and advantages exceed the amount allowed for loss, detriment or disadvantage to such owner. The amount of damages being ascertained, the Department may pay or tender the amount thereof within two months after the same shall have been so ascertained, to the person or persons so entitled thereto, or, if the person or persons so entitled refuse to accept or reside out of or are absent from the County during all or any part of said period of two months, the same may be deposited to his credit in the Farmers' Bank of the State of Delaware, in the County seat of the County wherein such proceedings are instituted, within said time, and thereupon said property may be taken and occupied for the use and purpose for which it was condemned, provided that the Department, in its discretion, after it has made application as aforesaid for the condemnation of property, may occupy or use such property without delay, and the proceedings for the ascertainment of the damages shall proceed as in this section provided, but in the event of such immediate use or occupation as last aforesaid, the Department shall pay to the owner or owners thereof if within the State, or if such owner or owners refuse to accept the amount of damages or are without the County, deposit to his or their credit in the said bank as aforesaid, within ten days after the damages have been ascertained, the amount thereof.*  *  *"

Let us consider in order the four alleged constitutional infirmities in the condemnation statute.

Plaintiffs first contend that the act does not set out a definite period of time within which the Commissioners appointed by the Resident Judge shall meet to ascertain the damages for the land taken. I shall assume that unless there is some such time limitation, then the statute does authorize a taking of property without compensation therefor being paid within a reasonable time.

It is true that the statute does not in so many words

fix a time for the Commissioners to assess damages. However, considering the nature and purpose of the statute, I think it implicit therein that the Commissioners are under a legal duty to discharge their function within a reasonable time after their appointment. The "reasonable time" requirement may be fairly implied from the fact that the statute requires the commencement of the proceeding before any taking. The nature of such a proceeding calls for reasonable flexibility in the time schedule. The existence of such flexibility is not to my mind a constitutional objection in view of the circumscribing provisions of this statute. Compare *Wright v. Commissioners of Highways*, 145 *Ill.* 48, 33 *N.E.* 876. As a necessary corollary to my conclusion, I believe that either the landowner or the Department could institute appropriate proceedings at law to compel the Commissioners to perform their legal duties if they delayed unreasonably in performing them.[1]

In connection with their argument that the statute is unconstitutional because it does not fix a reasonably definite time for payment, plaintiffs place great reliance on the case of *McGibson v. Roane County Court*, 95 *W. Va.* 338, 121 *S.E.* 99, 104. That case is clearly distinguishable. Under the condemnation statute considered by the West Virginia court, the proceedings to assess damages were not required to be commenced until 60 days after the completion of the work. The court held the statute unconstitutional, *inter alia*, because payment might be delayed an unreasonable time since the proceedings for condemnation depend upon the completion of the work, and there was no assurance as to when it would be completed. However, it appeared that the West Virginia statute had been amended after the case was commenced, and the amendment required the condemner to petition for the appointment of Commis-

---

[1] Doubtless, the statute should be amended to make explicit the place where the original order appointing the Commissioners is to be lodged. However, I cannot accept plaintiffs' argument that this uncertainty renders the statute invalid.

sioners to assess damages within 60 days after the entry on the land. Incidentally, it should be noted that the amendment did not fix a time for the Commissioners to assess damages. The court stated that the nature of the case required it to consider the constitutionality of the amendment. In holding the amendment constitutional, the court said:

"* * * The amendment does not provide for payment in advance of the taking; but it does provide a definite time in which the county court must start proceedings to ascertain plaintiff's compensation. Sixty days is certainly within a reasonable time. * * *"

Under the Delaware statute notice of the intention to make application to the Resident Judge to have Commissioners appointed to assess the damages must be given to the "other party or owner" at least 5 days prior to the time the application is to be made, or in case such notice is impossible, then provision is made for publication at least 5 days prior to the intended application. The Delaware statute then provides that any use or occupancy must be preceded by an actual application for condemnation. Even the amendment which was held constitutional by the West Virginia court was not so protective of the landowner's rights in this respect as is the Delaware statute.

The plaintiffs make the point that the Delaware statute does not give the landowner any right to institute proceedings, and they suggest that this is a constitutional weakness in the statute. An examination of the statute reveals that the Highway Department cannot take property under the statute until it has actually made application to the Resident Judge for condemnation of the property. There can, therefore, be no prejudice to the landowner because proceedings must have been instituted before there can be any interference with the owner's property rights. The granting of the right to the landowner under such circumstances to institute proceedings would be anomalous.

Plaintiffs next contend that the statute is unconstitu-

tional because it permits the Department to take property before the estimated damages for the taking have been paid or deposited to the credit of the owners.

The *Constitution of the State of Delaware* provides in *Article* I, *Section* 8:

"* * * nor shall any man's property be taken or applied to public use without the consent of his representatives, and without compensation being made."

In the absence of some special constitutional language, it has been held in many states that the Legislature may without constitutional objection enact a statute which permits a state, its agent or political subdivision to take property by eminent domain without first paying for or securing payment for the property so taken, provided some definite provision is made whereby the owner will certainly obtain compensation. *Loweree v. City of Newark,* 9 *Vroom* 151, 38 *N.J.L.* 151; *East Shore Land Co. v. Peckham,* 33 *R.I.* 541, 82 *A.* 487; *Scribner v. Wikstrom,* 93 *N.H.* 17, 34 *A.* 2d 658; 2 *Cooley's Constitutional Limitations,* (8th Ed.) *pp.* 1202-1204; 2 *Lewis Eminent Domain,* (3rd Ed.) *Section* 678, *pp.* 1162-63.

Since there is no language in our constitutional provision dealing with eminent domain which purports to qualify the right of the state, I think it follows that the statute under consideration is not rendered invalid because it authorizes a taking prior to making payment therefor. The proper functioning of a state and its agencies would seem to render the existence of such a power desirable where ample safeguards are provided to secure just compensation for the landowner whose property is taken. I find that the present statute as construed does provide such safeguards. Consequently, I conclude that the second alleged ground advanced by plaintiffs is unsound.

Plaintiffs contend that the statute is unconstitutional because it does not require the giving of notice to persons

other than the titleholders. Without in any way intimating that such is the case, I conclude that this point need not be considered because plaintiffs are in none of the categories which could be prejudiced by such an omission in the statute. There is, therefore, no basis to the third point advanced by plaintiffs.

Finally, plaintiffs say the statute, while giving the Resident Judge the power to appoint the Commissioners, does not give him the power to order the Commissioners to act. If comment be necessary, it is sufficient to say that the creation of the power to appoint fairly implies the power to order the Commissioners to act if necessary.

I conclude that none of the constitutional objections to the condemnation statute is sound. My conclusion applies both to the Federal and the State Constitutions. Under the circumstances, plaintiffs have an adequate remedy at law. Consequently, the motion to dismiss the complaint must be granted, and the rule to show cause discharged.

An order accordingly will be entered on notice.