TERRELL, Justice.
Florida Power & Light Company filed its petition in the Circuit Court of Palm Beach County to condemn a right of way across^ certain lands of appellants. A declaration of taking as authorized by Chapter 74, F.S.A., was filed with the petition to condemn. An answer was filed, the court named appraisers to fix the value of the property and report their findings. The parties stipulated for jury waiver and trial by the Court. At the conclusion of the trial final judgment was entered for petitioner from which this appeal was. prosecuted.
The point for determination is whether or not the legislature may clothe public service corporations vested with the power of condemnation, with the further power to seek summary relief similar to that, vested in the State Road Department and other corporate entities by Chapter 74,. F.S.A.
It appears that Chapter 28007, Section 74.141, Florida Statutes 1953, F.S.A., extended to public utility corporations having the power of eminent domain, the right to secure rights of way or easements for transmission lines by the summary method provided in Sections 74.01 and 74.14, Florida Statutes 1953, F.S.A. Appellants, contend that in so providing Chapter 28007' violates Section 12, Declaration of Rights, and Section 29, Article XVI, Constitution of Florida, F.S.A.
Appellee is a public service corporation clothed with the power of eminent domain, under Section 361.01, F.S.1951, F.S.A. Demeter Land Co. v. Florida Public Service Co., 99 Fla. 954, 128 So. 402. It is not disputed that this is a proceeding to secure a right of way or easement for transmis *57 sion lines only. These prerequisites meet all the requirements to invoke the provisions of Section 74.141, Florida Statutes 1953, F.S.A., which was thoroughly considered in State Road Department v. Forehand, Fla., 56 So.2d 901. In that case we held among other things that Chapter 74, Florida Statutes 1953, F.S.A., preserves to the owner every right vouchsafed to him by Section 12, Declaration of Rights, Section 29, Article XVI of the Constitution, F.S.A., and the Fourteenth Amendment to the Federal Constitution. In fact, so far as this case is concerned the Fourteenth Amendment to the Federal Constitution requires no more than Section 12, Declaration of Rights.
It is true that State Road Department v. Forehand came to this Court by certified question under Rule 38 but a majority of the Court agreed to answer the certificate because the constitutional validity of Chapter 74, Florida Statutes 1949, was squarely presented and thoroughly briefed, the question presented was one of law and the answer disposed of the case. In other words, the certificate met every requirement of the rule and the public was shown to be vitally concerned. What we' there said is a complete answer to the question raised here. See also De Soto County v. Highsmith, Fla., 60 So.2d 915.
The brief of appellee points out that the constitutions of South Carolina and Arkansas both of which ante date ours, contain constitutional provisions almost identical with Section 12, Declaration of Rights, Florida Constitution and Section 29, Article XVI, Constitution of Florida, F.S.A., being the portions of the Florida Constitution invoked in this case. It appears that South Carolina and Arkansas have passed acts very similar to Chapter 28007, Acts of 1953, Section 74.141, Florida Statutes 1953, F.S.A., giving public utilities the benefit of summary eminent domain procedure and that said acts have been upheld. Lexington Water Power Co. v. Wingard, 115 S.C. 418, 148 S.E. 366; Atlantic Coast-Line R. Co. v. South-Bound R. Co., 57 S.C. 317, 35 S.E. 553; City of Spartanburg v. Belle’s Department Store of Clinton, 199 S.C. 458, 20 S.E.2d 157; Ex Parte Reynolds, 52 Ark. 330, 331, 12 S.W. 570; Reynolds v. Louisiana A. & M. Ry. Co., 59 Ark. 171, 26 S.W. 1039; Cairo & Fulton R. R. Co. v. Turner, 31 Ark. 494; Arkansas State Highway Commission v. Partain, 192 Ark. 127, 90 S.W.2d 968, and many others. See also Cherokee Nation v. Southern Kansas Ry. Co., 135 U.S. 641, 10 S.Ct. 965, 34 L.Ed. 295; Sweet v. Rechel, 159 U.S. 380, 16 S.Ct. 43, 40 L.Ed. 188; Bragg v. Weaver, 251 U.S. 57, 40 S.Ct. 62, 64 L.Ed. 135;
Appellee also directs our attention to statutory provisions of Kentucky, South Dakota, Delaware, Indiana, Wisconsin, Connecticut, Missouri and Kansas very similar to the statute assaulted in this case but whose constitutional provisions are somewhat different. Decisions of said states without exception uphold their statutes. Peterson v. Ferreby, 30 Iowa 327; Barker v. Lannert, 310 Ky. 843, 222 S.W.2d 659; Linn v. Bryan, 312 Ky. 203, 226 S.W.2d 959; Town of Dell Rapids v. Irving, 7 S.D. 310, 64 N.W. 149, 29 L.R.A. 861; Carpenter v. Du Pont, 31 Del.Ch. 80, 66 A.2d 602; Consumers’ Gas Trust Co. v. Harless, 131 Ind. 446, 29 N.E. 1062, 15 L.R.A. 505; Board of Commissioners v. Blue Ribbon Ice Cream and Milk Corp., 231 Ind. 436, 109 N.E.2d 88; State ex rel. Thomson v. Giessel, 265 Wis. 185, 60 N.W. 2d 873; Bolles v. City of Milwaukee, 259 Wis. 588, 49 N.W.2d 748; Northeastern Gas Transmission Co. v. Collins, 138 Conn. 582, 87 A.2d 139; City of St. Louis v. Gerhart Realty Company, 328 Mo. 103, 40 S.W.2d 661.
All of. these decisions follow the general rule that statutes like Section 74.141 providing summary relief in condemnation proceedings proceed on the theory that the constitutional guaranty has been satisfied, both in letter and spirit, that the rights of the landowner are protected, and at the same time no unreasonable obstruction is placed in the way of the enterprise being carried out. The same cases also approve the principle that in passing such acts the legislature recognized that in the construction of highways, gas lines, telephone, *58 power and other lines it is necessary to avoid the frustrations and delays incident to condemnation which permits a few owners to put off the taking of land while the question of damages is litigated. Under summary relief statutes the work proceeds while the litigation is in progress with ample provisions that the amount of damages finally determined will be paid.
The statute under attack proceeds on the same theory so the judgment appealed from is affirmed.
Affirmed.
ROBERTS, C. J., and THOMAS, SEB-RING, HOBSON, MATHEWS and DREW, JJ., concur.