PETER JENAL, PLAINTIFF IN ERROR, v. THE GREEN ISLAND DRAINING CO., DEFENDANT IN ERROR.

·Construction of Drains. Drains or levees for the reclamation of wet or overflowed lands can be constructed across the lands of others, and the cost assessed thereon, except by consent, only in cases where the public welfare will be subserved.

ERROR to the district court for Cedar county. Tried below, before BARNES, J. The opinion states the case.

*B. Boyd* and *Marlow & Munger,* for plaintiff in error.

The act is unconstitutional. Sec. 20, Art. I., Constitution. Sedgwick Constitutional Law, 447. *Reeves v. Treasurer of Wood County,* 8 Ohio State, 333. *Harward v. St. Clair Drain Co.,* 51 Ill., 130. *Hessler v. The Drainage Co.,* 53 Ill., 105. *Gage v. Graham,* 57 Ill., 144. *Board of Directors v. Houston,* 71 Ill., 318.

*Wilbur F. Bryant* and *Gantt & Norris,* for defendant in ·error, cited *inter alia, Norfleet v. Cromwell,* 70 North Car., ·634. Mills on Eminent Domain, Sec. 12. 2 ·Dillon Mun. Corp., 555. *Turner v. Althaus,* 6 Neb., 71. *Talbot v. Hudson,* 16 Gray, 417. *Concord R. R. v. Greeley,* 19 N. H., 47. *Anderson v. Kerns Draining Co.,* 14 Ind., 199. *Etchison Association v. Busenback,* 39 Ind., 362. Cooley ·Const. Lim., 581, 667. *Ahern v. Dubuque,* 48 Iowa, 140. *Beekman v. Saratoga R. R.,* 3 Paige, 71. *State ex rel Abbott v. Dodge County,* 8 Neb., 134.

MAXWELL, CH. J.

This action was commenced in the district court of ·Cedar county, to enforce an alleged lien of the defendant upon certain lands of the plaintiff. A demurrer to the petition was overruled in the court below, and the plaintiff ·electing to stand on his demurrer, judgment was rendered

in favor of the defendant herein, The plaintiff brings the case into this court by petition in error.

The question to be determined is—was the demurrer properly overruled? The petition states in substance that the plaintiff, (defendant in error) is a corporation organized under an act of the legislature approved Feb. 19th, 1877, entitled "An act to authorize the construction of levees, dykes and drains, and the reclamation of wet and overflowed lands by incorporated companies;" [Comp. Stat., 520.] that said corporation was organized for the purpose of constructing a drain from the Missouri river in township 33, range 1 east, thence south or southwest until the tract of land known as the lake or lakes and lands contiguous thereto and all lands likely to be benefited by said drain be fully drained; that after said corporation was duly organized it made application to the county court of Cedar county for the appointment of appraisers, who were duly appointed, and after due notice made an assessment of the benefits to the lands to be affected by said ditch, and duly returned said assessment to the secretary of said corporation, and such assessment with an affidavit attached thereto was afterwards filed in the office of the county clerk of said county, and duly recorded; that prior to the actual construction of said work or any part thereof, surveys of the same were made, and the estimated cost did not exceed the aggregate of the assessments; that in April, 1878, an assessment of ten per cent. upon the gross amount assessed upon the lands benefited was made and placed in the hands of the treasurer of said corporation for collection; that additional assessments amounting to twenty per cent. upon the gross assessment were afterwards made and placed in the hands of said treasurer for collection; that Peter Jenal is the owner of the following described lands (giving description) affected by the construction of said drain upon which there is now due the sum of $30.40 with inter-

est, and praying that said lands may be appraised, advertised and sold and the money arising therefrom may be applied in payment of said sum, etc.

Sec, 1, of "An act to authorize the construction of levees, dykes and drains, and the reclamation of wet and overflowed lands by incorporated companies" provides that: "Any number of persons not less than three, being owners of lands wet or liable to be overflowed, may organize a company for the purpose of draining, reclaiming and protecting such lands, which shall have power to straighten, deepen and make new channels for the whole or any part of a river, or water course, and to construct any dykes, drains, levees and breakwaters, and to do everything which they shall deem proper to accomplish the purposes for which the company shall have been organized."

Sections 2, 3 and 4 provide the mode of organizing and electing officers, and filling vacancies in the office of directors.

Sec. 5 provides for the management of the affairs of the company.

Sec. 6 provides that the company may apply to the district court, or county court in term time, or to a judge thereof in vacation, for the appointment of three appraisers, who shall assess the benefits along the line of said drain and file a schedule of such assessment in the county clerks office, etc., and providing that such assessment shall be a lien on the lands thus assessed from the date of filing such assessment, and providing for an appeal, etc.

Sec. 7 requires surveys and the actual cost of the work to be made, before the actual construction of the work.

Sec. 11 provides for the foreclosure of the lien.

Sec. 12 provides that: "The company may appropriate any land, stone, timber, gravel, or other materials necessary for the right of way, or the construction, mainten-

ance, or improvement of their proposed work, by first paying into the county treasury of the county where the land is situated, for the use of the owner of the land, the amount of damage assessed by said appraisers to him therefor."

The other sections of the act refer to the powers of the corporation, to which it is unnecessary to call attention. The act is copied in part from the law of Indiana on that subject, but leaving out several important provisions for the protection of land owners.

The plaintiff contends that inasmuch as the act authorizes an appropriation of private property for private, and not for the public welfare, that it is unconstitutional and void.

Blackstone says: "The third absolute right * * * is that of property, which consists in the free use, enjoyment, and disposal of all his acquisitions, without any control or diminution, save only by the laws of the land. * * * * The laws of England are therefore in point of honor and justice extremely watchful in ascertaining and protecting this right. Upon this principle the great charter has declared that no freeman shall be disseized or divested of his freehold, or of his liberties, or free customs, but by the judgment of his peers or by the law of the land." Cooley's Blackstone, 137.

Sec. 21, Art. I., of the constitution, provides that: " The property of no person shall be taken or damaged for public use, without just compensation therefor." The legislature possesses no authority, however, to take the property of one citizen and transfer it to another, even where full compensation is made. *Reeves v. Treasurer*, 8 Ohio State, 346; *Cooper v. Williams*, 5 Ohio, 393; *Osborn v. Hart*, 24 Wis., 90; *Bankhead v. Brown*, 25 Iowa, 540. The law guarantees to every one the free use and enjoyment of his property, and he can be required to surrender it only when it is required for public use, and upon full compen-

sation being made. The statute in question authorizes the entry upon lands and construction of drains, whenever the private interest of the corporation requires it, and without reference to the public welfare. Any number of persons, not less than three, being the owners of wet and overflowed lands, whenever it is for their interest, may locate a ditch across the lands of others. There is no requirement in the act that the corporation shall act only in cases where the public welfare would be advanced. And there are no conditions upon which their right to locate a ditch depend, except that they are the owners of wet or overflowed lands. A ditch may be located and opened across the lands of individual owners merely to subserve private interests. Three individuals, by forming a corporation, may locate and open a drain across the property of others without their consent, and compel them to bear the burden of constructing the same. This is an infringement of the right of private property, and is unauthorized and void. Even the board of county commissioners have no authority to authorize the location or construction of drains, except where they "will be conductive to the public health, convenience or welfare." The assessment being unauthorized, the petition fails to state a cause of action. The judgment of the district court is reversed and the case remanded.

REVERSED AND REMANDED.