ST. GERMAIN IRRIGATING DITCH COMPANY, Appellant, v. HAWTHORNE DITCH COMPANY et al., Respondents.

(143 N. W. 124.).

1. **Constitutional Law—Eminent Domain—Due Process of Law—Diversion of Running Water for Irrigation.**

Laws 1907, Ch. 180, Sec. 1, providing that all waters of the state belong to the public and, except as to navigable streams, are subject to appropriation for beneficial use, and Secs. 19 and 10, providing that, before any of those waters shall be applied to beneficial use, a permit, for which certain fees must be paid, shall be procured from state engineer, in so far as they interfere with vested rights of riparian owners in running waters, or to owners of artesian wells, are contrary to Const., Art. 6, Sec. 2, prohibiting taking of property without due process of law, and Const., Art. 6, Sec. 13, prohibiting taking of private property for public use without just compensation.

2. **Same—Vested Rights—Riparian Owners—Right to Use of Waters—Character of Right.**

The right of a riparian owner to make reasonable beneficial use of water of a flowing stream is a vested property right, and is annexed to the soil as part of the land itself, and such right, whether held as riparian or by prior appropriation, can not be taken for public use without compensation, nor confiscated or interfered with by legislative act.

3. **Waters—Water Courses—Artesian Wells—Surface Water Reservoirs—Rights of Owners.**

One who sinks and artesian well, or constructs a reservoir to hold surface water wholly on his premises, is absolute owner of the water therein, and may use and control it so long as he does not injure others thereby, and his right thereto cannot be confiscated or interfered with by the legislature, or placed in custody and control of a state engineer.

4. **Same—Riparian Rights—Irrigation—Statutes—Forfeiture by Non-user.**

Laws 1907, Ch. 180, Sec. 46, providing that when any party entitled to use of water fails to beneficially use it for three years, the rights shall revert to the public, is void as to a riparian owner, whose rights cannot be lost by disuse, but valid as to a non-riparian appropriator.

5. **Same—Due Process of Law—Expense of Hydrographic survey.**

Laws 1907, Ch. 180, Sec. 16, providing that, when a suit to determine water rights is filed, the state engineer shall, under order of court, make a complete hydrographic survey of the stream system, the cost of which shall be apportioned among the parties taking water from the stream, is void as depriving the riparian owner or lawful appropriator, who has used no more water than he is entitled to, of his property, by imposing burdensome costs and expenses upon him.

6. **Same—Action to Determine Claims to Water Rights—Sufficiency of Complaint—Statutory Suit.**

A complaint by an irrigation company which alleges that it is entitled to divert a certain quantity of water from a stream, and that it has at all times diverted and appropriated that water to beneficial use, but that defendants claim a right to adverse user of the waters of said stream, fails to state a cause of action under any theory, since it affirmatively shows that plaintiff's right has not been interfered with, and it is immaterial to plaintiff whether other appropriators of waters of the stream are lawfully using same or not. **Held,** further, that, it not appearing from the complaint that the action is one to determine adverse claims of title to realty, the action is not maintainable under the special statute permitting suits to determine such adverse claims of title, by alleging merely that defendants claim some interests therein adverse to plaintiff; and in an action to determine conflicting water rights, the facts showing such conflict must be alleged.

(Opinion filed September 23, 1913.)

Appeal from Circuit Court, Pennington County.   Hon. WILLIAM G. RICE, Judge.

Action by the St. Germain Irrigating Company against the Hawthorne Ditch Company and others, to determine plaintiff's and

defendant's respective rights and claims to user of certain waters. From an order sustaining a demurrer to the complaint and from a judgment dismissing the action, plaintiff appeals. Affirmed.

*Frank D. Bangs,* for Appellant.

The provisions relating to costs are not unconstitutional either as a deprivation of private property, without due process of law or without just compensation. Section 16, chapter 180, Laws 1907.

"Due process of law" may be said to be synonymous with the term "day in court." To be deprived of a right without due process of law is to be deprived of it without the opportunity of presenting one's defense to the court. By the statute under consideration, no different or other method of service of process is prescribed than that provided by the general laws of the state.

From the very nature of water and the limited usufructory rights acquired therein and from the fact that every water claimant's title depends to a more or less extent upon the title of every other claimant within the same water shed, the public interests demand an adjudication of all such rights, and the Legislature in the exercise of its prerogative has determined that such adjudication is in the interest not only of the public but of the individuals claiming title to such waters. Boise City Irrigation and Land Company v. Stewart, (Ida.) 77 Pac. 30; Farmers' Ditch Company v. Riverside District, 94 Pac. 761.

*Buell, Gardner & Denu,* for Respondents.

The complaint does not state facts sufficient to constitute a cause of action.

Under this head will be considered the constitutionality of the irrigation law, the same being chapter 180 of Laws of 1907, page 373.

This act is clearly contrary to sections 1 and 2 of article 6 of the Constitution.

Sections 267, 268, 278, Civil Code, determining the property rights of the owner of land in and to the water on or flowing over the same, have been crystallized by common usage in the general term of "riparian rights," and the right to the use of water, and the right to have water in a flowing stream flow without dimunition or disturbance of any kind; and such right is an unalienable

property right that cannot be lost, waived, abandoned or disturbed in any way by the Legislature of the state, except for public purposes under the law of eminent domain, or by private persons, except by twenty years adverse possession implying a grant. Redwater Land & Canal Co. v. Jones, (S. D.) 130 N. W. 85; Redwater Land & Canal Co. v. Reed, 26 S. D. 466; Lone Tree Ditch Co. v. Cyclone Ditch Co., 15 S. D. 519, 128 N. W. 597; Stenger v. Thorpe, 17 S. D. 13; Crawford v. Hatherby, 67 Neb. 325; Lux v. Haggin, 69 Cal. 255, 10 Pac. 674; Sturr v. Beck, 133 U. S. 541.

Sections 19 and 46 of Irrigation Act are void. Section 16 of the act is contrary to the constitutional provisions above quoted.

Section 16 of the law makes it mandatory upon the court to enter its order, and it makes the data furnished by the hydrographic survey to contain all the evidence necessary to the determination of the action. It does not take into consideration the rights of the parties, or their wishes in the matter. Bear Lake County v. Budge, (Id.) 75 Pac.

By section 46 the Legislature seeks to destroy the vested rights of riparian owners in and to the waters of flowing streams by a failure on their part to use the same for three years.

The complaint alleges that this action is brought under the. provisions of section 16 of the Irrigation Act. It claims an adjudication and decree thereunder, and prays the court for an order directing the state engineer to make and furnish the survey· as provided by that section.

The complaint does not state facts sufficient to constitute a cause of action for the following additional reasons:

(1) It does not state the amount of water flowing in the creek, or the amount or description of land to be irrigated by plaintiff or its stockholders, or the amount of water necessary for the irrigation of said lands.

(2) It does not show that the rights of the plaintiff have ever been invaded or interfered with, or that the adverse claims of the defendants, or either of them, are such as to interfere in any way with his rights or the rights of its stockholders.

(3) This is not an action to quiet title. It is an action, as expressed upon the face of the complaint, brought under chapter 108 of the Laws of 1907, known as the Irrigation Act, and the allegations of the complaint must contain the necessary data upon which

the court can render its decree, as provided by section 18 of the act.

McCOY, J.   The complaint, in substance, was as follows: That plaintiff is a corporation organized under the laws of the state of South Dakota, its principal business being to divert water from Rapid creek and distribute the same among its stockholders for irrigation purposes; that Rapid creek is a nonnavigable stream of water rising in the mountains about 40 miles westward from Rapid City, thence flowing eastward to the Cheyenne river; that plaintiff is the owner and in possession of certain real estate (60 feet by 240 yards, containing less than one acre), across which tract of land said Rapid creek flows, also a certain dam constructed thereon, together with a ditch and right of way extending from said dam in an easterly direction about eight miles in length on the north side of said creek, also a water right appurtenant thereto appropriating and entitling plaintiff to divert from said Rapid creek through said dam 1,000 miner's inches of water under a 6-inch pressure for purposes of mining, milling, manufacturing, agriculture, and domestic use; that plaintiff's predecessor duly located said water right and appropriated and diverted 400 miner's inches of said water on the 1st day of July, 1883, and thereafter on the 1st day of June, 1890, appropriated and diverted an additional 600 inches of said water, and at all times since said appropriation plaintiff and its predecessor have diverted the full amount of the same from the waters of said creek and have at all times appropriated the whole thereof for beneficial use, to-wit, irrigation of land requiring irrigation for agricultural purposes; that some of the defendants either are or claim to be owners of land riparian to said creek; that the other defendants either are or claim to be entitled as appropriators to divert the waters of said creek from their natural channel, and all of the defendants are proper parties to this action under section 16, c. 180, Laws of 1907; that each of said defendants claims some right to use the waters of said creek adverse to the rights of this plaintiff, which claim is unfounded in fact and without authority of law; that the claims of each of the defendants constitute a cloud upon the title of plaintiff in and to its said water right and work irreparable damage and detriment to plaintiff; that plaintiff has no speedy or adequate remedy at law; and that it is necessary that

the several claims of the right to said water be adjudicated by
this court in order to avoid a multiplicity of suits:    Wherefore
plaintiff prays:    (1) That the court direct the State Engineer to
make and furnish, for the purpose of adjudicating the various
water rights on said Rapid creek, a complete hydrographic survey
of said stream; (2) that the defendants and each of them be re-
quired to set forth the nature of their respective claims, if any,
in and to the waters of said stream, and the use thereof, together
with the amount of water so claimed by them, the date of the
accrual of their pretended rights, and such other facts as may be
necessary to a full determination and adjudication of such pre-
tended rights; (3) that the various rights, if any, of the defend-
ants and each of them to the beneficial use of water from said
stream, as well as the rights of this plaintiff, be in this action ad-
judicated by this court; that the court fix the date of priority and
the amount of water and the nature of the water right, if any, to
which each of the parties therto is entitled; (4) that the de-
fendants be permanently restrained and enjoined from any un-
lawful appropriation or use of the waters of said stream system
and from claiming adversely to this plaintiff any such waters ex-
cept such as they shall be found to be entitled to by the decree of
this court; (5) for such other and further relief as may be just and
for the costs.

To the foregoing complaint some of the defendants demurred
upon the ground that the same does not state facts sufficient to
constitute a cause of action in favor of plaintiff and against de-
fendants.    The demurrer was sustained, but with leave to amend
the complaint within 30 days.    Thirty days having expired and
plaintiff not having served an amended complaint, final judgment,
on motion, dismissing said complaint was entered.    From the
order sustaining said demurrer and said judgment of dismissal,
plaintiff appeals.    We are of the opinion that the demurrer was
properly sustained.

It is contended by respondents that chapter 180, Laws of
1907, is unconstitutional and void and in conflict with section 21,
art. 3, state Constitution, in that it embraces more subjects than
are expressed in its title.    While we are of the opinion that this
act does contain many things not expressed by or germane
to the title, still we are not sure but what the objectionable features

may be separated from the matters clearly within the title. The only theory upon which any part of this act can be sustained is that the invalid portions may be segregated from that which is valid. 36 Cyc. 1033. The title is "An act prescribing regulations for the appropriation and distribution and use of water for irrigation, mining, water power and other beneficial uses." The subject of this title is purely regulatory and will not carry legislation confiscatory of vested property rights; nor legislation establishing new rules of evidence or of pleading; nor legislation tending to interfere with the constitutional jurisdiction and powers of the courts. We shall only refer to such objectionable features of this act as we deem material to a disposition of this particular case. We believe there is a proper field for regulation of water for beneficial use, provided for by this act, outside of what we term "objectionable features," objectionable because in conflict with various constitutional provisions.

[1] Section 1 of this act provides as follows: "All the waters within the limits of the state from all sources of water supply belong to the public and, except as to navigable waters, are subject to appropriation for beneficial use"—and section 19 provides that, before any person shall use any of such water for beneficial use, application must be made to the State Engineer for a permit to appropriate the same; and section 10 provides that the applicant for such permit shall pay certain fees, which in no case would amount to less than $7. The provisions of these sections, in so far as they relate to or interefere with certain vested property rights, are clearly in conflict with section 2, art. 6, Const., providing that "no person shall be deprived of life, liberty or property without due process of law," and also are in conflict with section 13, art. 6, providing that private property shall not be taken for public use without just compensation.

[2] "Every person, through whose land a natural water course runs, has a right, publica juris, to the benefit of it for all useful purposes to which it may be applied, and no proprietor of land, on the same water course, either below or above has a right to unreasonably divert it from flowing upon and onto his premises or to obstruct it in passing from them or to corrupt or destroy it. This riparian right is inseparably annexed to the soil, not as an easement nor as an appurtenance, but as a part and parcel of the

land itself. Use does not create it, and disuse cannot destroy or suspend it." Johnson v. Jordan, 2 Metc. (Mass.) 239, 37 Am. Dec. 85; St. Helena Water Co. v. Forbes, 62 Cal. 182, 45 Am. Rep. 659; Shamleffer v. Council Mill Co., 18 Kan. 24; Rigney v. Tacoma L. & W. Co., 9 Wash. 576, 38 Pac. 147, 26 L. R. A. 425; Lux v. Haggin, 69 Cal. 255, 4 Pac. 919, 10 Pac. 674; Scriver v. Smith, 100 N. Y. 471, 3 N. E. 675, 53 Am. Rep. 224; Whitney v. Wheeler Mill Co., 151 Mas. 396, 24 N. E. 774, 7 L. R. A. 613; Duckworth v. Water Co., 150 Cal. 520, 89 Pac. 338; Turner v. James Canal Co., 155 Cal. 82, 99 Pac. 520, 22 L. R. A. (N. S.) 401, 132 Am. St. Rep. 59, 17 Ann. Cas. 823, and note; Redwater Canal Co. v. Jones, 27 S. D. 194, 130 N. W. 85; Redwater Canal Co. v. Reed, 26 S. D. 466, 128 N. W. 703; Lone Tree Ditch Co. v. Cyclone Ditch Co., 15 S. D. 519, 91 N. W. 352; Stenger v. Tharp, 17 S. D. 13, 94 N. W. 402. The right of a riparian owner to make a reasonable beneficial use of the waters of a flowing stream for domestic and irrigation purposes is a vested property right and is entitled to protection to the same extent as property rights generally. It is within the purview of a constitutional provision prohibiting the taking of property for public use without compensation. McCook Irrigation Co. v. Crews, 70 Neb. 109, 96 N. W. 996; Crawford Co. v. Hathaway, 67 Neb. 325, 93 N. W. 781, 60 L. R. A. 889, 108 Am. St. Rep. 647. Vested property rights in waters in this state, whether held as riparian or by prior appropriation, could not thus be taken or confiscated or interfered with by any such act of the Legislature.

[3] The private owner of real estate, who sinks an artesian well on his premises, is the absolute owner of the water flowing therefrom and may control the whole thereof as he may see fit so long as he does no injury thereby to others; the private owner of real estate who constructs an artificial reservoir on his premises, in which he collects and retains surface waters wholly on his own premises, is the absolute owner thereof and may use and control the whole thereof as he may see fit so long as he does no injury thereby to others. The right to use such waters cannot be thus confiscated or interfered with by the state or the public and placed in the custody and control of a state engineer any more than could the land itself upon which such water happened to be. The rightful owners of riparian lands cannot be thus deprived of

or made to pay for a permit to use what under the law rightfully belongs to them. If the provisions of this statute were to be enforced according to its terms, the owner of a large farm could not sink an artesian well or even dig an ordinary well thereon for the purposes of domestic use without first obtaining and paying for a permit to do so. In a certain limited sense water flowing in a natural stream belongs to the public, but the right to the use thereof is the subject of private property and ownership by riparian owners or others who have lawfully appropriated the same, but the use thereof may be regulated by law and by the courts, to the end that each rightful user and appropriator may acquire no more thereof than his fair and equitable share.

It is contended by respondents that section 19 is unconstitutional and void on the ground that it interferes with the free use of private property by the owner thereof. We are of the opinion that, in so far as the vested property rights in and to the use of water is concerned, this section of the statute is void. The private owners of artesian wells and artificial reservoirs and ponds and riparian owners and other lawful appropriators having a vested right to appropriate and use certain waters cannot be required to pay for and secure a permit to use that to which they have a vested right. The constitutionality of a law is to be determined from what may be done thereunder, not from what has or is being done thereunder. Sterritt v. Young, 14 Wyo. 146, 82 Pac. 946, 4 L. R. A. (N. S.) 169, 116 Am. St. Rep. 994. There may be streams and other bodies of water in this state containing a surplus over and above what might be legally used by riparian owners and other lawful appropriators, which might be the subject of permit under the provisions of this statute.

[4] It is also contended that section 46 of the act in question, which provides that, when a party entitled to the use of water fails to beneficially use all or any portion of the waters claimed by him for a period of three years, such unused waters shall revert to the public, is void for the same reasons. We are of the opinion that this section is void as to a riparian owner but valid as to one who is no more than an appropriator without riparian right. A riparian right to use such waters of a flowing stream cannot be lost by disuse.

[5] It is also contended that section 16 is void as tending to deprive individuals of property rights and property, by way of costs and expenses, without due process of law. We are also of the opinion that this contention is well taken. This section among other things provides that, when a suit to determine water rights has been filed, the court shall by order direct the State Engineer to make a complete hydrographic survey of said stream system, and that the costs and expenses thereof be apportioned pro rata among all the parties taking waters from said stream in proportion to the amount of water allotted to each. It is a matter of common knowledge that there are many streams in this state, including the stream in question, where it would take many thousands of dollars to make such a survey. A riparian or other lawful appropriator lawfully using no more of the waters of said stream than justly entitled to could not be required without his consent to pay any portion of such expense without being deprived of his property without due process of law. Simply the filing of such a suit is not sufficient authority to so deprive him of his property. Such a procedure could only result in a fat benefit to some civil engineer.

[6] It is further contended by respondents that, disregarding the unconstitutionality of said portions of said act, plaintiff's complaint is wholly insufficient for any purpose. We are of the opinion that this complaint fails to state any kind of a cause of action upon any possible theory. It will be observed that there is contained in this complaint the allegation that plaintiff is entitled to divert from said stream 1,000 miner's inches of water, and that at all times since 1890 plaintiff and its predecessors have diverted the full amount of the same from the waters of said creek and have at all times appropriated the whole thereof to beneficial use. If this allegation is true, it is wholly immaterial to plaintiff whether other appropriators of the waters of said stream appropriate water lawfully or not; the use thereof under such circumstances in no manner conflicts with any right of plaintiff. Under such circumstances it is none of plaintiff's business how much water or under what right others appropriate the waters of said stream so long as plaintiff obtains the full amount coming to it, which it alleges it does. It is only conflicting water rights that the courts are authorized to determine.

[7] Again, it will be observed that this is not an action to determine adverse claims of title to real estate. There is no allegation or claim that any of defendants are claiming any kind of title to plaintiff's acre of land. It is not sufficient, in the character of action sought to be pleaded here, to state that plaintiff has a water right and that defendants have some water right adverse to plaintiff, but which right of defendants is without lawful foundation. This character of pleading is only permitted in actions to determine adverse claims to realty by virtue of a special statute upon that subject. In an action to determine conflicting water rights, the facts which show such conflict must be stated in the pleading.

Finding no error in the record, the order and judgment appealed from are affirmed.