(No. 37852.—
The Department of Public Works and Buildings, Appellee, *vs.* Joe Farina *et al.*, Appellants.

*Opinion filed November 26, 1963.*

PEDDERSON, MENZIMER & CONDE, of Rockford, and STROM & STROM, of Belvidere, (CLIFFORD A. PEDDERSON and JOHN A. STROM, of counsel,) for appellants.

WILLIAM G. CLARK, Attorney General, of Springfield, (HAROLD G. ANDREWS and RICHARD E. QUINN, Special Assistant Attorneys General, of counsel,) for appellee.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This is an appeal from an order entered by the circuit court of Boone County, in an eminent domain proceeding granting the motion of the petitioner, the Department of Public Works and Buildings, for an immediate vesting of certain real estate belonging to the defendants pursuant to the provisions of section 2.2(b) of the Eminent Domain Act. Ill. Rev. Stat. 1961, chap. 47, par. 2.2(b).

The Department of Public Works and Buildings filed a petition seeking to condemn certain real estate owned by the defendants Joe Farina and Angelina Farina. The petition alleged that the purpose of acquiring the real estate is to widen and improve State Bond Issue Route No. 5 (FA Route 194, section 6), which highway was declared by the Department as a freeway on June 26, 1945, and that the work and improvement is a public work, is for a public use and constitutes a public purpose. State Bond Issue Route No. 5 is located east of Cherry Valley and Rockford, and runs approximately in an easterly and westerly direction in front of defendants' property located north of the highway. The defendants objected to the Department tak-

ing two pieces of property which will be hereafter referred to as parcel 1 and parcel 2.

The defendants' theory is that the real estate is being taken from them for a purely private purpose and not a public one; that the taking of this property does not have any public usefulness, utility, advantage or benefit and is a manifest abuse of the power of eminent domain.

Parcel No. 1 is owned by the defendant Joe Farina and is a part of the presently existing street known as Welty Avenue, which has been in use by the property owners abutting on said street since before 1930 but which nevertheless is claimed as the private property of the defendant Joe Farina and regarded by him as a private road. Welty Avenue is 60 feet in width and extends north for approximately 700 feet and deadends at a railroad track. The Department seeks to appropriate the southerly 200 feet of this street.

Parcel No. 2, which is owned by the defendant Angelina Farina, abuts on the highway and has a frontage of approximately 41.5 feet and extends north along the easterly side of Welty Avenue from the northerly line of the new proposed highway approximately 90 feet. The portion of parcel 2 which the Department proposes to condemn is the northerly 24 feet thereof. The southerly 66 feet is to be unimproved and to lie idle. The portion actually taken would be 41.5 feet in length and 24 feet in width and would extend from Welty Avenue to the property east of parcel 2. The property to the east consists of 22 acres with 1,000 feet of frontage on the highway and on which has recently been constructed a laboratory by Ibsen Industries, Inc., whose building is located about in the center of the tract.

The defendants do not question the right of the petitioner, Department of Public Works and Buildings, to institute, in a proper case, condemnation proceedings, and agrees that the law is well established that the State of Illinois has the right in the first instance to determine what is

a public purpose and a public benefit. It is equally well established that the courts have a right to inquire and to render the final determination as to whether a use or a purpose is within the limits of a legislative discretion, that is, whether or not a land sought to be condemned is to be used for a public or private purpose. However, the authority and power of the Department of Public Works and Buildings in establishing, maintaining and improving the highways of the State is broad and plenary and it is only in the exceptional case where such authority and power have been manifestly abused that the court will interfere. (*Department of Public Works and Buildings* v. *Lewis,* 411 Ill. 242.) The general rule is that, where the right of eminent domain is granted, the necessity for its exercise, within constitutional restrictions, is not a judicial question, and its exercise is not a proper subject for judicial interference or control unless to prevent a clear abuse of such power. *Poole* v. *City of Kankakee,* 406 Ill. 521; *Zurn* v. *City of Chicago,* 389 Ill. 114; *Department of Public Works and Buildings* v. *Mc-Caughey,* 332 Ill. 416; *Limits Industrial Railroad Co.* v. *American Spiral Pipe Works,* 321 Ill. 101.

Nevertheless, private property cannot be condemned for a purely private purpose or for a private use which benefits the public only incidentally. *Litchfield and Madison Railway Co.* v. *Alton and Southern Railroad,* 305 Ill. 388; *Town of Kingston* v. *Anderson,* 300 Ill. 577.

The defendants argue that the property which the petitioner seeks to condemn does not confer any benefit upon the general public. They specifically insist, with regard to parcel 1, that Welty Avenue was created by the subdivider of Riverside Farm and has been a road or a highway since the recording of the subdivision and is for the use and benefit of those living on either side of it. The defendant argues that this land is not needed for the improvement or the widening of the highway, that the general public is not going to be benefited in any respect and that as the parcel has

been used for a street for over 30 years condemning it now for street purposes does not make sense.

With regard to parcel 2 the defendants point out that this amounts to a condemnation of a driveway 24 feet in width and 41.5 feet in length extending from the easterly edge of Welty Avenue to the private property of Ibsen Industries, Inc., to the east. The defendants argue that the action of the Department is tantamount to the creation of a private road for the exclusive benefit of Ibsen Industries, Inc. which would be the only one to be benefited by the appropriation. The defendants' conclusion that this would be solely for a private person is based on his argument that an automobile starting down this highway or driveway 24 feet in width by 41.5 feet in length would travel about twice its length and be stopped deadend against the private properties of Ibsen Industries, Inc.

Public use requires that all persons must have an equal right to the use and that it must be in common, upon the same terms, however few the number who avail themselves of it. (*People ex rel. Tuohy* v. *City of Chicago,* 394 Ill. 477.) The law is well settled that a public road is a public highway regardless of the number of people who use it if everyone who desires may lawfully use it, as it is the right of public travel and not the exercise of the right which constitutes a road a public highway. *Road District No. 4* v. *Frailey,* 313 Ill. 568.

The defendants concede the authority of the Department to construct local service drives in connection with State roads declared to be freeways. This authority is contained in the Freeways Act, sections 8—101 through 8—109 of the Illinois Highway Code. (Ill. Rev. Stat. 1961, chap. 121, pars. 8—101 to 8—109.) A freeway is not an ordinary highway, but is an entirely new concept in highways which has made its appearance in recent years as a result of the many changes in the lives and mobility of the general public

brought out by the introduction and increasingly prevalent use of the automobile. A freeway is a limited access highway where ingress and egress may be had only at certain designated points which are to be determined by the highway authorities. The very purpose of such roads is to provide fast and safe through traffic. To bring this about it is necessary that there be limited access to the highway thereby eliminating danger of accidents and also affording economic advantages which would best serve the public interests. Freeways or limited access highways are of no use, however, if the public is not provided reasonable means to enter and leave the highway system. It is imperative, therefore, that, although access to the freeway be limited, reasonable access also be granted to those requiring use of the highway. It is for that purpose that the Freeways Act specifically authorizes the acquisition and construction of local service drives to provide access to freeways from adjacent areas.

The case of *People ex rel. Tuohy* v. *City of Chicago,* 394 Ill. 477, contains an exhaustive discussion of the criteria which the Illinois courts have utilized in determining and defining public use as distinguished from a private use. The court stated that the purposes were public where they met the following criteria: (1) it affects the community as distinguished from an individual; (2) the law controls the use to be made of the property; (3) a title so taken is not vested in a person or corporation as a private property to be used and controlled as private property; (4) the public reaps the benefit of public possession and use and no one can exercise control except the municipality.

When the question arises judicially the use may be one where it is difficult to apply any given test. The question of what constitutes a public use has been before this court on several occasions where general principles were applied to special conditions. The language used in those decisions must be read in connection with the facts involved and is

authority only for what is decided on such facts. *People ex rel. Tuohy* v. *City of Chicago,* 394 Ill. 477; *City of Geneseo* v. *Illinois Northern Utilities Co.* 378 Ill. 506.

It is the opinion of this court, however, that the criteria set forth in the case of *People ex rel. Tuohy* v. *City of Chicago,* 394 Ill. 477, are met in the instant case with regard to both parcels. Moreover, a public use means public usefulness, utility, advantage or benefit. The purpose may be highly beneficial to private interests as well as to the public but the main criteria is the benefit to the general public. With regard to a freeway it is of primary importance to the general public that the highway have limited access and that such highway provide fast and safe through traffic. Indeed, the promotion of the safety and convenience of highway traffic and the public interest subserved thereby is the primary standard prescribed by the Freeways Act in governing the Department in the designation of freeways and the regulation of access rights. Ill. Rev. Stat. 1961, chap. 121, par. 8—101.

The taking of the defendants' property for the creation of a local service drive to and from the freeway in question does confer a definite benefit to the general public and is not an abuse of the power of eminent domain.

For the reasons stated the judgment of the circuit court of Boone County is affirmed.

*Judgment affirmed.*