JOHN J. MORITZ ET AL., APPELLANTS, v. GEORGE J. BUGLEWICZ ET AL., APPELLEES, GINN IOWA OIL COMPANY, INTERVENER-APPELLEE.

194 N. W. 2d 215

Filed February 10, 1972. No. 38039.

Young, Baird, Holm, McEachen, Pedersen, Hamann & Haggart and Gerald P. Laughlin, for appellants.

Donald L. Knowles and Jerry M. Slusky, for appellees.

Gaines, Spittler, Neely, Otis & Moore, for intervener-appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The Ginn Iowa Oil Company, the intervener, owns an irregular tract of land near Eighty-fourth and Frederick Streets in Omaha, Nebraska. The tract is bounded by Big Papillion Creek, land owned by the City of Omaha, and land owned by John J. Moritz and Marion J. Moritz, the plaintiffs. There is no access to any public road from the intervener's land, but at one point the land lies within approximately 5 feet of Frederick Street.

The intervener commenced proceedings under section 39-1713, R. R. S. 1943, to establish a public road across the plaintiff's property which would provide access to its land. The plaintiffs then commenced this action to enjoin the members of the County Board of Douglas County, Nebraska, from proceeding under the statute. The trial court found against the plaintiffs and they have appealed.

The issue presented is the constitutionality of the statute. The plaintiffs contend that the road which would be established would be for the private use of the intervener and would amount to a taking of the

plaintiffs' property for a private use. The Constitution does not permit the taking of private property for a private use. Welton v. Dickson, 38 Neb. 767, 57 N. W. 559; Jenal v. Green Island Draining Co., 12 Neb. 163, 10 N. W. 547.

Unlike the statute involved in Welton v. Dickson, *supra*, section 39-1713, R. R. S. 1943, provides for the establishment of a public road. Sections 39-1713 and 39-1716, R. R. S. 1943, provide specifically that the road established shall be a public road.

The fact that the intervener would be the principal user of the road does not make it a private road. "Whether a way be public or private does not depend upon the number of people who use it, but upon the fact that every one may lawfully use it who has occasion." Sherman v. Buick, 32 Cal. 241. See, also, State ex rel. Happel v. Schmidt, 252 Wis. 82, 30 N. W. 2d 220.

It is in the public interest that no land be unoccupied. Dillman v. Hoffman, 38 Wis. 559; Condry v. Laurie, 184 Md. 317, 41 A. 2d 66. The public policy that favors the full utilization of land, and supports the doctrine of ways of necessity, supports the constitutionality of the statute in this case.

The judgment of the district court is affirmed.

AFFIRMED.