CLAUD HALL, APPELLANT, v. ABEL INVESTMENT COMPANY
ET AL., APPELLEES.

219 N. W. 2d 760

Filed July 5, 1974. No. 39406.

A. James McArthur, for appellant.

Richard R. Wood, Charles D. Humble, Jack G. Wolfe, Alan A. Schroder, and Flavel A. Wright, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

This is an action for damages arising out of a conveyance of land by the plaintiff to the City of Lincoln, Nebraska. A demurrer of the city was sustained, and the plaintiff elected to stand on his amended petition. The plaintiff appeals from an order dismissing the action as to the city.

The amended petition alleged the city falsely represented to the plaintiff that it required 6 lots owned by him for the purpose of constructing an arterial street, known as the Northeast Radial, and a paving repair facility; that in fact the city did not intend to construct a paving repair facility upon the land to be obtained from him but intended to locate the proposed paving repair facility on other property; that the city wanted a part of his property for the purpose of exchanging it for other land owned by the Abel Investment Company and the

Omaha, Lincoln & Beatrice Railway Company; that as a result of the false representations of the city the plaintiff believed the city could acquire his property by eminent domain; and for that reason the plaintiff sold his land to the city, of which 15,930 square feet was to be used for the paving repair facility. The amended petition further alleged the plaintiff would not have sold the property if he had known the city could not acquire it by eminent domain; that the value of the 15,930 square feet to the Abel Investment Company and the Omaha, Lincoln & Beatrice Railway Company was $44,444.70 more than the $3,345.30 paid to him by the city; and that he had been damaged in that amount.

The amended petition alleged a transaction which had been induced by fraud. The plaintiff did not seek rescission but prayed for damages. Such an action against a city is barred by the Political Subdivisions Tort Claims Act.

The common law rule of governmental immunity has not been completely abrogated in Nebraska. Webber v. Andersen, 187 Neb. 9, 187 N. W. 2d 290. The Political Subdivisions Tort Claims Act limits the tort actions which may be brought against political subdivisions. § 23-2401, R. R. S. 1943; Webber v. Andersen, *supra*. It excludes actions for misrepresentation and deceit. § 23-2409 (5), R. R. S. 1943. See, also, Jones v. United States, 207 F. 2d 563; United States v. Neustadt, 366 U. S. 696, 81 S. Ct. 1294, 6 L. Ed. 2d 614.

The demurrer was properly sustained. The judgment of the District Court is affirmed.

AFFIRMED.

CLINTON, J., dissenting in part and concurring in part.

If the allegations of the plaintiff's amended petition are true, as they must be assumed to be for the purposes of the demurrer, then he is entitled to some relief even though it is not the relief for which he prays. The City of Lincoln concedes in its brief that if he proves the al-

legations of his petition he would be entitled to have the conveyance set aside because it was obtained by reason of a misrepresentation that the property was being acquired for public use when in fact it was being acquired for private use. The City argues merely that the plaintiff is not entitled to the relief for which he prays, that is, damages. The City points out that the request for damages in the form of additional compensation for the property conveyed amounts to an affirmance of the contract, whereas his remedy is to have the conveyance set aside. Rankin v. Bigger, 128 Neb. 800, 260 N. W. 202. The City's position correctly recognizes the fundamental principle that the power of eminent domain may not be exercised to permit the taking of private property for private use and that any action to do so is unconstitutional. Moritz v. Buglewicz, 187 Neb. 819, 194 N. W. 2d 215; Burger v. City of Beatrice, 181 Neb. 213, 147 N. W. 2d 784.

I would remand the cause with leave to the plaintiff to amend his prayer to ask to have the conveyance set aside and to pray for any consequential damages he may have suffered. This he is entitled to do under the provisions of section 25-854, R. R. S. 1943. If he declines to do so then his petition should be dismissed.