FRAWLEY RANCHES, INC., Appellant,

v.

Henry LASHER, Carlton Gorder or John Cox, Wallace D. Furze, R. Earl Schultz and Boyd E. Larson, as members of the Board of County Commissioners, Lawrence County, South Dakota, Respondents,

and

A. J. Thybo and Karen Thybo, Intervenors.

No. 11843.

Supreme Court of South Dakota.

Argued Feb. 16, 1977.

Decided Sept. 28, 1978.

A. P. Fuller of Kellar, Kellar, Fuller, Amundson & Furze, Lead, for appellant.

Jerry R. Rachetto of Driscoll, Mattson & Rachetto, Deadwood, for respondents.

Gary R. Richards of Richards & Hood, Spearfish, for intervenors.

ZASTROW, Justice.

This is an appeal from a circuit court judgment which granted a right-of-way across appellant's property to intervenors' isolated tract of land and awarded appellant $1,800 as compensation for the land taken for the right-of-way. We reverse the trial court's judgment as it relates to the compensation awarded appellant.

## FACTS

Intervenors, A. J. and Karen Thybo, are the owners of a tract of land which appellant concedes is "isolated" within the meaning of SDCL 31–22–1. Intervenors were unable to reach an agreement with appellant, Frawley Ranches, Inc., for the purchase of a right-of-way from their isolated tract to the nearest public highway (SDCL 31–22–2). The right-of-way sought by intervenors lay across the private property of appellant. In order to obtain a right-of-way to their property, intervenors filed an application on June 25, 1974, pursuant to the provisions of SDCL 31–22 with the respondent Lawrence County Board of Commissioners (Board).

After giving appellant the statutory notice, the Board visited the land surrounding the isolated tract. Their visit confirmed the fact that the section line right-of-ways could not be utilized for highway purposes. In addition to the proposed route, they also viewed three alternative routes for the right-of-way. Routes one and four traversed over one and one-eighth mile of rough terrain and connected to an "unmaintained" and steep, narrow, winding and greatly eroded county road. Routes three and four would provide access only to the east one-fourth of the Thybo property which is separated and made inaccessible from the west portion by a deep gorge.

Route two, the route proposed and chosen by the Board, is only one-half mile long, over moderate terrain, and connects to a "black-top" highway. The Board proceeded to lay out a right-of-way twenty-five feet in width from intervenors' tract across appellant's property to the paved highway (SDCL 31–22–3). The resolution of the Board granting the requested right-of-way and assessing damages for appellant in the sum of $1,800 for the easement created thereby was passed on April 9, 1975.

In May of 1975, appellant appealed from the Board's resolution and assessment of damages to the Circuit Court for the Eighth Judicial Circuit (SDCL 31–22–5). The circuit court conducted a trial de novo and found for the Board and intervenors, and entered a judgment which affirmed the Board's grant of the right-of-way and assessment of damages.

## ISSUES

The appellant contends:

(1) That SDCL 31–22 is unconstitutional in that it condemns private property for private uses;

(2) That SDCL 31–22 is unconstitutional in that it condemns private property without procedural due process of proper notice and hearing;

(3) That the decision of the Board violated SDCL 1–26 in that it was arbitrary, capricious, and contrary to law;

(4) That the appraisals relied upon by the Board were improperly admitted and that the appraisals employed an improper measure of damages.[1]

We preface our discussion of the constitutionality of SDCL 31–22 by recog-

---

1. Appellant did not request a jury trial for the determination of damages nor does it assign or argue the denial of a jury determination of damages under South Dakota Constitution, Art. XVIII, § 18. Cf. *Town of Dell Rapids v. Irving*, 1895, 7 S.D. 310, 64 N.W. 149.

nizing the presumption which favors the validity of legislative action. No statute should be held unconstitutional unless its infraction of constitutional principles is so plain and palpable as to admit of no reasonable doubt, *Kramar v. Bon Homme County,* 1968, 83 S.D. 112, 155 N.W.2d 777; *Lammers v. Heartland,* 1970, 85 S.D. 205, 180 N.W.2d 398; *Nelson et al. v. City of Miller,* 1968, 83 S.D. 611, 163 N.W.2d 533; *State ex rel. Botkin v. Welsh,* 1933, 61 S.D. 593, 251 N.W. 189. Further, whenever within the bounds of reason and legitimate construction an act of the legislature can be construed as not to violate the constitution, then such construction should be adopted. *Matthews v. Linn,* 1959, 78 S.D. 203, 99 N.W.2d 885.

## PUBLIC VS. PRIVATE USE

Appellant's first contention is that the right-of-way is a private road for the use and enjoyment of a private individual. Respondents concede that intervenors would benefit most directly from the right-of-way. However, that fact alone is not conclusive of the private as opposed to public nature of the right-of-way because the public has an interest in having access to each and every member thereof. *Mueller v. Supervisors of Town of Courtland,* 1912, 117 Minn. 290, 135 N.W. 996. The controlling factor is not the necessity or the fact of the use but the right to use the right-of-way. *Illinois Central Railroad Company v. East Sioux Falls Quarry Company,* 1913, 33 S.D. 63, 144 N.W. 724. The right-of-way is public if everyone who desires may lawfully use the right-of-way. It is the right of travel by all the world, not the actual exercise of the right which constitutes a road a public highway. *Road Dist. No. 4 v. Frailey,* 1924, 313 Ill. 568, 145 N.E. 195; *Department of Public Works and Buildings v. Farina,* 1963, 29 Ill.2d 474, 194 N.E.2d 209. There is nothing in the statute which indicates that the isolated tract owner can restrict travel upon the right-of-way or that all members of the public do not have the right to travel over the right-of-way.

Appellant contends that the label that is attached to the right-of-way by SDCL 31–22 is important in determining the character of the road. See *Moritz v. Buglewicz,* 1972, 187 Neb. 819, 194 N.W.2d 215. However, since the statute never expressly refers to the right-of-way as either public or private, we can conclude but little from the lack of a public or private label. One indication that the intent of the legislature in passing SDCL 31–22 was to create a public road is that the county auditor is directed to record the right-of-way in his or her "record of highways." See SDCL 31–22–4. The 1970 amendment, which allows the use of this process where the section line right-of-way is impassable, reinforces the intent, in that it is a public way taken to replace the section line right-of-way.

Appellant also contends that under SDCL 31–22–8,[2] the maintenance and upkeep of the right-of-way are the sole responsibility of the isolated tract owner. Appellant interprets the statute as relieving the county of all responsibility for the right-of-way. This, it contends, will allow the isolated tract owner to abandon the right-of-way by neglecting to properly maintain it. Although the primary responsibility for maintenance and the expense is placed upon the isolated tract owner, the statute does not relieve the county of its responsibility to maintain its public highways. See SDCL 31–12–6, 31–12–19, and 31–12–24.

Next, appellant contends that the isolated tract owner has total dominion over the right-of-way due to the fact that he is required[3] to maintain and keep closed a

2. SDCL 31–22–8:
 Whenever such right of way has been laid out as provided by this chapter, the owner of such isolated tract of land shall keep and maintain such right of way at his or her own expense.

3. SDCL 31–22–7:
 If the right of way be laid along the line separating two farms, then the owner of the isolated tract for which such right of way was laid shall erect and maintain one-half of the fence along both sides of such right of way, but if it be laid through a farm and not along the

gate at every fence line which his right-of-way passes or to fence both sides of the right-of-way. This total dominion by the isolated tract owner indicates the private nature of the roadway, according to appellant, because the tract owner may use the right-of-way at his pleasure and permit or deny the use of the road to the public merely by locking the gate. We disagree with appellant. If the isolated tract owner installs gates at every fence which the right-of-way crosses, the statute requires only that he keep the gate closed. SDCL 31–22–7 does not give him, and we conclude he does not have, the authority to regulate traffic by locking the gate. Although the mere existence of a gate on a public highway may be the antithesis of public use, the practice has been statutorily recognized in the grazing lands of this state. See SDCL 31–25.

■ Furthermore, SDCL 31–22–7 gives the subservient the option of requesting the installation of fences along the right-of-way. When that option is exercised, as it was here, the isolated tract owner cannot dominate the right-of-way suggested by appellant.

> The principle to be deduced * * * seems to be that if, by a fair construction and operation of the statute, the road, when laid out, is in fact a public road, for the use of all who may desire to use it, the law is not liable to the charge of unconstitutionality, and is valid, though the road may be laid out on application, paid for, and kept in repair, by the petitioner, and primarily designed for his benefit, * * *. *Towns v. Klamath Co.,* 33 Or. 225, 53 P. 606; *Fanning v. Gilliland,* 37 Or. 369, 61 P. 636.

The authority, although old, is still recognized by the treatise writers and is comparable to the assessments against abutting landowners for the cost of street and sidewalk improvements. 2A Nichols Eminent Domain § 7.626, 26 Am.Jur.2d Eminent Domain § 36.

We think a fair construction of SDCL 31–22 provides that the right-of-way created was intended to be, and *is,* a public right-of-way open to all the world.[4]

## DUE PROCESS OF LAW

■ Finally, appellant argues that SDCL 31–22 unconstitutionally condemns private property without due process of law. Appellant complains that SDCL 31–22 provides for no meaningful hearing prior to the taking of property for the right-of-way. However, a close reading of SDCL 31–22–2 and 31–22–3 reveals the following procedures:

1) The isolated tract owner makes a written application to the Board describing the isolated tract and the surrounding land over which a right-of-way is desired.

2) The Board serves the surrounding landowner written notice of time when Board will visit the site for the purpose of laying out a right-of-way and appraising the damages to the surrounding landowner.

3) On the day set for the visit, the Board proceeds to the place named, lays out the right-of-way, and in so doing considers the convenience of the parties.

There is nothing in the statute which requires the Board to have the entire hearing at the site of the proposed right-of-way. The Board returned to its regular meeting place to further consider the matter, hear expert witnesses, and assess the amount of damages.

---

border thereof, no fence will be deemed necessary unless requested by the owner of land through which such road passes, in which cases the owner of the isolated tract shall erect and maintain the fence along both sides of such right of way and shall locate at a point to be described by the owner of the land gates at least sixteen feet wide in each of such fences. But if no fence is requested the owner of such isolated land shall construct, maintain, and keep closed substantial and suitable gates in all fences which such roadway may cross. The laws of this state pertaining to the erection and maintenance of partition fences shall apply to the fencing of such right of way wherever not in conflict with this section.

4. In reaching this decision, we consider only the questions raised by the appellant. Whether other reasons exist for a different result are not considered, nor the logical consistency of SDCL 21–33 with subsequently enacted legislation.

Appellant was given notice and the opportunity to be heard at the time the Board visited the property on February 10, 1975. At its meeting on April 9, 1975, of which appellant had notice but failed to attend, the Board passed a resolution approving the isolated tract owner's application for a right-of-way and assessing damages to appellant at $1,800.00.

SDCL 31–22–5 further provides the appellant the right to appeal both the Board's decision and the assessment of damages by means of a trial de novo in the circuit court. Under the ruling of *In re Robinson*, 1951, 73 S.D. 580, 46 N.W.2d 908, it appears that on a de novo appeal in the circuit court from the county commissioner's decision, the powers of the circuit court are the same as those possessed by the county commissioners, that is, to determine anew that which the commissioners decided by means of a full evidentiary hearing with witnesses and transcripts. Appellant was afforded a full hearing in a trial de novo before the circuit court. Therefore, appellant has "no cause for a complaint of lack of due process" as a result of the Lawrence County Board of Commissioners' actions. *Matter of Campbell*, 1977, S.D., 250 N.W.2d 280.

### APPLICABILITY OF SDCL 1–26 (SDAPA)

It is appellant's argument that under the South Dakota Administrative Procedures Act, SDCL 1–26–36(3), (4) and (6) specifically, the Board's decision may be reversed as being arbitrary, capricious and contrary to law.

Before we reach the question of whether the Board's decision is reversible under any subsection of SDCL 1–26–36, we must determine whether a decision made by the Board of County Commissioners, Lawrence County, is even subject to SDCL 1–26.

The question becomes whether the Lawrence County Board of Commissioners is an agency within the definition of that term as it is found in SDCL 1–26–1(1).[5] The statute then in existence read as follows:

(1) 'Agency' means each *state* board, commission, department, or officer, authorized by law to make rules or to determine contested cases, other than the Legislature and the courts and any agency under the jurisdiction of such exempt departments, and including the department of game, fish and parks as provided by § 41–2–32; (Emphasis added.)

 Where the term "agency" is defined by statute the statutory definition is controlling. 73 C.J.S. Public Administrative Bodies and Procedure, § 6. It would appear from reading the statute that the Lawrence County Board of Commissioners does not fit the definition given. The county commission is not a "state commission" with the authority "to make rules or to determine contested cases," but, rather, is a commission with county-wide jurisdiction and certain statutory powers as are found in SDCL 7–8–20 to 7–8–26.

### DAMAGES

A. Admissibility.

Appellant claims that the appraisals of Lamphere and Lambert, upon which respondents and the trial court relied, were erroneously admitted because the appraisers were not properly qualified.

 Whether a witness is properly qualified to render an opinion as to value is a preliminary question of fact to be determined by the trial court. Generally, a wide discretion is allowed the court. In *State Highway Comm. v. Hayes Estate*, 1966, 82 S.D. 27, 42, 140 N.W.2d 680, 688, it is stated:

**5.** SDCL 1–26–1(1) has since been modified by S.L.1977, Ch. 14. It is now even more apparent that the term "agency" was not intended to include county commissioners:

(1) 'Agency' means each association, authority, board, commission, committee, council, department, division, office, officer, task force or other agent of the state vested with the authority to exercise any portion of the state's sovereignty. The term does not include the Legislature, the unified judicial system, any unit of local government or any agency under the jurisdiction of such exempt departments and units unless the department, unit or agency is specifically made subject to this chapter by statute;

[T]he witness should be familiar with the property taken or damaged, but the extent of his knowledge and familiarity as the foundation for such opinion rests largely with the trial court and its decision will ordinarily not be disturbed unless clearly erroneous. *Wahlgren v. Loup River Public Power District*, 139 Neb. 489, 297 N.W. 833; *City of Huron v. Jelgerhuis*, 77 S.D. 600, 97 N.W.2d 314.

The record reveals that Lamphere did, prior to making his appraisal, visit appellant ranch and inspect properties on all sides of the ranch. Likewise, Lambert was familiar with the property taken in that he rode over the land and used geological survey maps in appraising damages. He testified that he was familiar with land values in the Black Hills area, particularly in the Northern Black Hills, as he was raised there.

It does not appear, then, considering the trial court's "wide discretion," that its decision to admit Lambert's and Lamphere's appraisals was "clearly erroneous." If anything, appellant's arguments go to the weight of the appraisers' testimony as opposed to their qualifications. *State Highway Comm. v. Hayes Estate*, supra.

B. Measure of Damages.

Appellant finally contends, and we agree, that an improper measure of damages was used. Respondents and the trial court exceeded their statutory authority by determining that the right-of-way need not be fenced and, therefore, that the severance damages would be minimal.

SDCL 31–22–7 specifically provided in part:

* * * [N]o fence will be deemed necessary *unless requested by the owner of land* through which such road passes, in which cases *the owner of the isolated tract shall erect and maintain the fence* along both sides of such right of way and shall locate at a point to be described by the owner of the land gates at least six-

teen feet wide in each of such fences. (Emphasis supplied.)

Under SDCL 31–22–7 the need for fencing along both sides of the right-of-way is not for either the respondents or the trial court to determine. If the owner of the land requests fencing, then the isolated tract owner must provide fencing.[6]

Appellant is justified in its request for fencing for several reasons. The road, which we have determined to be a public one, cuts through a pasture used for grazing. The fencing is needed to prevent the wandering of livestock. Furthermore, it appears from the testimony that fencing will be needed to prevent hunters, campers and hikers in four-wheel drive vehicles from trespassing on appellant's land which is located in the very scenic and historically significant Centennial Valley.

Because of our holding that fencing of the right-of-way is necessary, and because the appraisals relied upon by the trial court were based on the assumption that this was a private road and fencing would not be needed, and there would be no severance of appellant's land by such fences, the damages awarded were inadequate. Accordingly, the judgment is affirmed in part and reversed in part as to the determination of damages suffered by appellant, and the matter is remanded for further proceedings not inconsistent with this decision.

WOLLMAN, C. J., and DUNN and PORTER, JJ., concur.

MORGAN, J., dissents.

MORGAN, Justice (dissenting).

I dissent because I consider SDCL 31–22–1, as amended, unconstitutional. While the principle that a statute should be upheld if possible is well settled, this does not mandate that the court assume an utterly convoluted posture to do so.

I agree with appellant that SDCL 31–22 authorizes the taking for private purposes. To the extent that a taking for access to a

6. Of course, severance damages may be properly mitigated by providing methods for the passage of the cattle, such as an underpass, from the severed portion to the remaining ranch land.

truly isolated tract is involved in the statutory scheme, I would hold that such is not unconstitutional as a codification of the long-standing common law principle of right to "a way of necessity." However, the 1970 amendment[1] which extended the use of SDCL 31–22 to tracts which are abutting section line highways[2] is, in my opinion, unconstitutional. Prior to 1970, respondent's land would not constitute an isolated tract.

The majority states that this right-of-way is a public road and that the isolated tract owner cannot restrict travel. In my view, the placing of gates across the right-of-way, locked or unlocked, is inimical to the concept of public roads. While SDCL 31–22–7 does not authorize the isolated tract owner to lock the gates, it certainly does not proscribe it.[3] I recognize that there is statutory authority for fencing across unimproved county roads that run through grazing land.[4] Right-of-ways to isolated tracts do not always run through grazing land, and according to the majority opinion, the road in the present case hardly constitutes an unimproved road.

I thoroughly disagree with the statement that the 1970 amendment reinforces the intent that the road is a public way taken to replace the section line right-of-way.

What then of the provisions of SDCL 7–18–9 which provides that: "The board of county commissioners is authorized to condemn private property for public purposes *in the manner and to the extent* hereinafter provided." (Emphasis added.) The statute goes on to say that:

> *Whenever* the board of county commissioners shall deem it necessary to condemn private property for the purpose of *opening, constructing, changing, relocating,* * * * any highway * * * within its county, * * * such board shall by resolution and order declare such appropriation necessary to be made, stating the purpose thereof and the extent of such appropriation, and thereupon proceedings for such condemnation and appropriation shall be had as provided by law. (Emphasis added.)

I find in the record no appropriate action by the board of county commissioners to determine that the section-line highways abutting the so-called isolated tract are vacated. The statute provides at best a slapdash, harum-scarum method for county commissioners to get roadways to remote tracts without assuming the responsibilities for opening or vacating and relocating the section-line roads. There need be only a minimal showing that the tract is not touched

---

1. Chapter 161, Session Laws of 1970, amended SDCL 31–22–1 by adding:
 An isolated tract is further defined as an area which is either inaccessible by motor vehicle because of natural barriers from all other land owned by the owner of the isolated tract or is such an area which is not touched by a passable public highway, which is in use or reasonably usable for motor vehicles as distinguished from public highways existing only by operation of law.

2. SDCL 31–18–1 provides:
 There is along every section line in this state a public highway located by operation of law, except where some portion of the highway along such section line has been heretofore vacated or relocated by the lawful action of some authorized public officer, board, or tribunal.

3. The discussion as to the record and the testimony of what the isolated tract owner intends to do with respect to fences or gates is immaterial, inasmuch as constitutionality of a law is to be determined from what may be done thereunder not from what has or is being done thereunder. *St. Germain Irrigating Co. v. Hawthorne Ditch Co.*, 32 S.D. 260, 143 N.W. 124 (1913).

4. SDCL 31–25–1 provides:
 The board of county commissioners of any county having within its boundaries, any unimproved county, township, or section-line highway extending or running through or across grazing land, may, upon petition, signed by a majority of the adjacent landowners along the portion of such highway involved, and after a hearing is had, on notice mailed by the county auditor to all of said landowners, not less than ten days before such hearing, authorize such landowners to erect and maintain fences across such highway, providing, however, that the board of county commissioners shall require the erection of gates or grates, or both, in such fences at points designated by such board, so that the public may have access to such highway.

by a passable road which is in use. With the increasing proliferation of small tract developments what protection does the landowner have if we say that this procedure is constitutional?

Finally, I find incomprehensible the majority position that SDCL 31–22–8 which provides in part that "the owner of such isolated tract of land *shall* keep and maintain such right of way at his or her own expense" is compatible to the provisions of SDCL 31–12–6, which provide that "the county highway system * * * *shall* be maintained and repaired at the expense of the whole county." That is one *shall* too many for me. The word *shall* is generally regarded as mandatory. It can be given directory or permissive meaning in order to give effect to the legislative intent,[5] but what of this case? Are we going to say that the legislative intent was to make the maintenance and upkeep of county roads merely directory? I do not think that in either statute the legislature meant *shall* as anything but mandatory. I suspect that that pigeon will come home to roost when a case comes before us where either an owner of an isolated tract wants the county to maintain his driveway or the auditor general criticizes a county board for doing so. In my opinion the statutes are utterly incompatible.

A multitude of other statutory provisions governing public highways lend strength to my position that this is a driveway not a public road, e. g.: (1) Minimum width of public highways (minimum two rods for maximum length of one-half mile, otherwise minimum four rods)[6] versus isolated tract right-of-way (minimum twenty-five feet with no length limitation);[7] (2) the requirement that county roads meet minimum State Board of Transportation Standards,[8] which are no part of nor referred to in SDCL 31–22; and (3) chapter 31–12 provides for bid procedures or contracts for construction of county highways as opposed to SDCL 31–22, which contains no authorization for construction of a road, but only for the laying out of the easement or right-of-way.

I concur with the majority that the determination of damages was wholly inadequate for condemnation of right-of-way for a public road. I believe this is only one more indicia that the county commissioners thought they were merely laying out an easement for a driveway to the isolated tract. While I join in the remand to the circuit court for determination of damages, for all the reasons hereinabove stated, I would remand the case to the circuit court with instructions to enter judgment in favor of the appellants.

---

**5.** *Dunker v. Brown County Board of Education,* 80 S.D. 193, 198, 121 N.W.2d 10, 14 (1963).

**6.** SDCL 31–3–18 provides:

All public highways located under §§ 31–3–6 to 31–3–37, inclusive, shall be not less than four rods in width, and may be six rods in width when all residents of land adjoining such highway shall petition for such width, except that highways not exceeding one-half mile in length and not located on section lines may be not less than two rods in width when, in the judgment of the board of county commissioners, such width will be sufficient to accommodate properly the travel thereon. Every order locating or changing any highway shall specify the width thereof.

**7.** SDCL 31–22–3 provides:

Upon the day set for such visit to such land for the purpose of laying out such right of way and appraising the damages to the owner of the surrounding land therefor, the county commissioners shall proceed to the place

named, shall lay out a right of way twenty-five feet in width from such isolated tract of land across surrounding lands to a public highway, and in so doing shall consider the convenience of the parties. Wherever it is practicable to do so, such board shall lay such right of way along a section line or the line of a government fractional subdivision of a section.

**8.** SDCL 31–3–19 provides:

The provisions of §§ 31–3–22 to 31–3–37, inclusive, shall apply to all public highways by whatever authority located within any organized or unorganized county which are not within the limits of any city or incorporated town, except that no portion of the state trunk highway system or county highway systems shall be vacated, changed, or located except with the approval of and in accordance with the order of the department of transportation to be first made.