#25067-dismissed-SLZ

**2009 SD 43**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

KELLY WEISSER and CARLA,
WEISSER, as guardians ad litem
for KELBY R. WEISSER, a minor,　　　　　　　　　　Plaintiffs,

　　　　v.

JACKSON TOWNSHIP OF CHARLES
MIX COUNTY, a political subdivision
of the State of South Dakota,　　　　　　　　　　Defendant and Appellee,

　　　　and

LEO TEPLY,　　　　　　　　　　　　　　　　　Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE FIRST JUDICIAL CIRCUIT
CHARLES MIX COUNTY, SOUTH DAKOTA

* * * *

HONORABLE BRUCE V. ANDERSON
Judge

* * * *

DOUGLAS M. DEIBERT of
Cadwell, Sanford, Deibert & Garry LLP　　　　Attorneys for appellee
Sioux Falls, South Dakota　　　　　　　　　　Township.

LARRY M. VON WALD
TED L. McBRIDE of
Beardsley, Jensen and Von Wald, Prof LLC　　Attorneys for defendant
Rapid City, South Dakota　　　　　　　　　　and appellant.

* * * *

CONSIDERED ON BRIEFS
ON MAY 26, 2009

OPINION FILED **06/10/09**

#25067

ZINTER, Justice

[¶1.]	Kelly and Carla Weisser, as guardians ad litem for their sixteen-year-old son Kelby Weisser, brought a personal injury action against Jackson Township and Leo Teply.  The action arose out of Kelby's injuries sustained in a one-vehicle accident involving a fallen tree on a township road adjacent to Teply's property.  Teply cross-claimed against Township, alleging that Township was responsible for the road's maintenance.  The circuit court granted Township's motion for summary judgment on Weisser's complaint and on Teply's cross-claim, leaving Teply as a defendant.  The circuit court designated its judgment as a final judgment under SDCL 15-6-54(b), stating:  "There is no just reason for delay, and therefore, this Judgment is designated a Final Judgment under SDCL 15-6-54(b)."  We dismiss Teply's appeal* because the Rule 54(b) certification is insufficient and the circuit court's ruling is not a final order over which we may exercise appellate jurisdiction under SDCL 15-26A-3.

[¶2.]	The circuit court's ruling did not determine the claims of all parties.  Therefore, the ruling was not appealable as a matter of right unless the circuit court determined that there was no just cause for delay and directed entry of a final judgment.  SDCL 15-6-54(b) provides:

> When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or

---

*	Weissers have not appealed the circuit court's ruling.

-1-

other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

[¶3.]    In directing entry of a final judgment in this case, the circuit court's Rule 54(b) certification merely repeated the statutory phrase that there was "no just reason for delay." Apparently, the parties have assumed that once a circuit court makes a Rule 54(b) certification, no further question exists concerning the appealability of the judgment. On the contrary, "SDCL 15-26A-3 limits our appellate jurisdiction." Davis v. Farmland Mut. Ins. Co., 2003 SD 111, ¶10, 669 NW2d 713, 717. Therefore, "we . . . review the question of appealability of a judgment entered pursuant [to Rule 54(b)], either on the motion of the respondent or on our own motion." Ochs v. Northwestern Nat. Life Ins. Co., 254 NW2d 163, 166 (SD 1977). We review the decision under the abuse of discretion standard. Davis, 2003 SD 111, ¶11, 669 NW2d at 718.

[¶4.]    "A Rule 54(b) certification is not a procedural formality. It is 'an essential prerequisite' that has 'jurisdictional significance.'" Id. ¶13, 669 NW2d at 718 (citation omitted). We cautioned "that 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel. The power which this Rule confers upon the trial judge should be used only 'in the infrequent harsh case' as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute and rule." Id. (citations omitted). In addition to giving guidelines for the just cause

determination, we further cautioned that "appeals under [ ] 54(b) will be considered appropriate in only the rare case, . . ." and the circuit court must include a *"reasoned statement* in support of its determination that 'there is no just reason for delay' and its express direction for 'the entry of a final judgment as to one or more but fewer than all of the claims or parties' where the justification for the certificate is not apparent. *Mere recitation of the statutory language is insufficient." Id.* ¶13, 669 NW2d at 719 (emphasis added). "[T]he [circuit] court must marshall and articulate the factors upon which it relied in granting certification so that prompt and effective review can be facilitated." *Id.*

[¶5.]      SDCL 15-6-54(b) is substantially the same as its federal counterpart.

> Although the wording of [15-6-54(b)] differs from Federal Rule 54(b) (FRCP 54(b)), . . . we believe that there is no substantial difference between the two rules with respect to the question whether an appellate court has the power to determine whether a partial judgment entered in accordance with those rules is in fact appealable.

*Ochs*, 254 NW2d at 166. A recent Eighth Circuit Court of Appeals decision is instructive. In that case, a federal district court had dismissed some but not all defendants in an action involving an auto accident. Like the case we consider today, that court "entered a final judgment in favor of fewer than all [defendants] and stated in its certification order that there was 'no just reason for delay,' though it provided no additional explanation." Huggins v. FedEx Ground Package Sys., Inc., ___ F3d ___, 2009 WL 1444127 (CA8 (Mo)). The Court of Appeals concluded that there was nothing about such a "case that would distinguish it from a mine-run multi-party lawsuit in a way that would allow us to assert jurisdiction over it." *Id.* at *3.

#25067

[¶6.]     Because the circuit court's certification here merely recites the statutory language and we can discern no special circumstances indicating a danger of hardship or injustice through delay that would be alleviated by an immediate appeal, the appeal is dismissed.

[¶7.]     GILBERTSON, Chief Justice, and KONENKAMP, MEIERHENRY and SEVERSON, Justices, concur.