#29373-aff in pt & rem-SPM
**2021 S.D. 25**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

PAUL PATTERSON,                                  Plaintiff and Appellee,

    v.

PLOWBOY, LLC,                                    Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
JONES COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE M. BRIDGET MAYER
Judge

* * * *

ROBERT C. RITER, JR.
A. JASON RUMPCA of
Riter Rogers, LLP
Pierre, South Dakota                             Attorneys for plaintiff and
                                                appellee.


MARTY J. JACKLEY of
Gunderson, Palmer, Nelson
   & Ashmore, LLP
Pierre, South Dakota                             Attorneys for defendant and
                                                appellant.

* * * *

ARGUED
FEBRUARY 16, 2021
OPINION FILED **04/21/21**

#29373

MYREN, Justice

[¶1.]		Plowboy erected two gates across a section-line highway.  Patterson sought to remove the gates claiming them to be unlawful obstructions across a section-line highway.  He moved for partial summary judgment on the issue, which the circuit court granted in his favor.  Plowboy petitioned for an intermediate appeal, which we granted.  We affirm, in part, and remand for further proceedings consistent with this decision.

## Facts and Procedural History

[¶2.]		In July 2019, Paul Patterson (Patterson) filed a complaint in Jones County seeking an injunction and a restraining order against Plowboy, LLC (Plowboy) requiring Plowboy to remove two gates placed across a section-line highway.[1]  Patterson also sought a declaratory ruling that, under SDCL 31-25-1.1, Plowboy failed to establish that the section line was an unimproved road, and therefore, Plowboy was not authorized to erect a gate across the section line.  Under SDCL 31-25-1.1, "[a] landowner may erect a fence across an unimproved county, township, or section-line highway[,]" if the section line is "not commonly used as a public right-of-way and never altered from its natural state in any way for the purpose of facilitating vehicular passage."  Patterson claimed the section line is both commonly used and altered from its natural state to facilitate vehicular passage.

[¶3.]		Plowboy countered that the section line is unimproved.  He also claimed that the disputed gates do not constitute impermissible obstructions

---

1.	Patterson also alleged that Plowboy illegally placed a fence in the middle of a section line, but Patterson did not raise this issue in his motion for partial summary judgment.  He also claimed that the gates are nuisances.

-1-

because he leaves the gates unlocked and primarily open. Plowboy also raised various counterclaims.[2]

[¶4.] The disputed section-line highway runs along section 28, township 2 south, range 30, east of the Black Hills Meridian in Jones County, South Dakota. The parties' dispute began in March 2019. Plowboy notified Patterson that it intended to fence the section line adjacent to their properties and erect gates at each end of the section line. Patterson objected to Plowboy's plan. Nevertheless, Plowboy erected the gates and fence. Plowboy keeps the gates unlocked, and Patterson unhooks the gates to access his farmland.

[¶5.] In April 2020, Patterson moved for partial summary judgment only on his complaint. He sought a judgment declaring that Plowboy failed to establish that the road was unimproved, and as a result, he claimed the gates must be removed. He argued that Plowboy may only obstruct the section-line highway, under SDCL 31-25-1.1, if the section line is "unimproved." Based on his supporting submissions, he argued that there were no disputed material facts regarding the section line's unimproved state. He claimed, under SDCL 31-25-1.1, the section-line highway is improved because the public commonly used the section line, and individuals altered it from its natural state for vehicular passage. Along with multiple pictures of the gates and the section line, Patterson attached an affidavit stating that he used the section line to access his farmland, and hunters used it as a right-of-way.

---

2. Plowboy's additional claims are based on its belief that Patterson approved the fence and gates and then failed to pay for half of the fence. Plowboy also claimed that Patterson breached an unrelated agricultural lease. The circuit court has not resolved these claims, and they are not involved in this appeal.

He also provided township meeting notes in which the township authorized him to install a culvert across the section line. Additionally, he asserted that the section-line highway had been graded to facilitate drainage and traffic and attached photographs to show the grading. He also asserted that Plowboy improved a portion of the disputed section line by adding gravel.

[¶6.] Plowboy opposed Patterson's motion arguing that Patterson holds the burden to establish that the section-line highway is improved and that an unlawful obstruction exists. It advanced that disputed material facts exist as to whether unlocked twenty-foot swing gates are unlawful obstructions and whether the highway is improved based on a thirty-four-year-old culvert and "some gravel[.]" Plowboy argued that the culvert currently serves no purpose and contended that nobody graded the section line to facilitate traffic.

[¶7.] Plowboy attached to its response the affidavit of Rob Skjonsberg (Skjonsberg), the majority member of Plowboy. He stated that raising livestock is a part of his farming operation, which necessitates the fence and gates.[3] Skjonsberg maintained that he installed wider gates at Patterson's request.[4] He also noted

---

3.     Plowboy advanced throughout its appellate brief that the gates are necessary for its cattle and to protect its land. While protecting cattle and land are important South Dakota interests, they bear no role in determining whether the section-line highway is unimproved. Additionally, if the highway is improved, Plowboy holds the ability to seek permission to construct the gates under SDCL 31-25-1.

4.     In his affidavit, Skjonsberg also alleged that Patterson obstructed a portion of the section line with crops and cross-section fencing. Patterson responded that he has not blocked the disputed gated section. In any event, Plowboy conceded that the pictures showing that Patterson blocked the section line with crops and fencing were outside the gated area of section 28. The

(continued . . .)

that he has never locked the gates. He admitted that Patterson placed a culvert in the section line. He also acknowledged that he "had placed a limited amount of gravel in an isolated area" of the section line during a construction project. However, he contended that the township does not maintain or treat the section-line highway as improved. Skjonsberg admitted that Patterson used the section-line highway but claimed that Patterson used it only a couple of times a year. He also admitted that hunters used the section line but asserted that they were trespassers.[5]

[¶8.]     The circuit court heard the motion in June 2020. At the hearing, the circuit court explained that SDCL 31-18-1 requires section lines to be open to travel by the public and noted that individuals may not obstruct a section line, absent legal authority to do so. The court concluded that the road was not an unimproved section-line highway after finding no disputed material issues of fact. It granted Patterson's motion for partial summary judgment and ordered Plowboy to remove the gates.

[¶9.]     After the court delivered its bench ruling, Plowboy requested clarification on whether the court found the gates to be "unlawful obstructions." The court explained that because the section-line highway was improved, the gates should not be there "period." The court's order required Plowboy to remove the

---

(. . . continued)
    referenced fences and crops are in section 27, which is not at issue in this appeal.

5.    The question of whether a section-line highway is open for public hunting may also turn on whether the right-of-way has been commonly used by the public or has been improved for vehicular travel. SDCL 41-9-1.3.

gates within twenty days and did not include any determination of finality under

SDCL 15-6-54(b).

[¶10.]    We granted both Plowboy's discretionary appeal and request for a

temporary stay of further proceedings.  Plowboy raises two issues, which we restate:

> 1.    Whether the circuit court erred in granting partial summary judgment.
>
> 2.    Whether the circuit court's order and judgment may be immediately enforced and recognized as a final judgment when the ruling was not certified as a final judgment under SDCL 15-6-54(b).

### Analysis and Decision

### *1.    Whether the circuit court erred in granting partial summary judgment.*

[¶11.]    "We review a circuit court's entry of summary judgment under the de

novo standard of review."  *Knecht v. Evridge*, 2020 S.D. 9, ¶ 51, 940 N.W.2d 318,

332.  The legal principles guiding our review of summary judgment are well-settled:

> We must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law.  The evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party.  The nonmoving party, however, must present specific facts showing that a genuine, material issue for trial exists.  Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied.  If there exists any basis which supports the ruling of the trial court, affirmance of a summary judgment is proper.

S*acred Heart Health Servs., Inc. v. Yankton Cnty.*, 2020 S.D. 64, ¶ 11, 951 N.W.2d

544, 548.

[¶12.]    Plowboy argues that the circuit court erred by concluding there were

no material issues of fact in dispute which precluded summary judgment.  Based on

our review of the record, we disagree. It was undisputed that Patterson installed a culvert across the section line with the township's authorization. Similarly, it was undisputed that Skjonsberg, on behalf of Plowboy, placed gravel on the section line to facilitate vehicular travel. Lastly, it was undisputed that Plowboy placed an unlocked gate across the at issue section-line highway. The issue then is whether the circuit court correctly applied the law to these undisputed facts in reaching its conclusion that the section-line highway was not unimproved under SDCL 31-25-1.1.

> *i.       Whether the gates are obstructions.*

[¶13.] As a preliminary matter, Plowboy maintains that the circuit court failed to address whether an unlocked swing gate constitutes a section-line obstruction.[6]

[¶14.] "[T]his [C]ourt has liberally construed statutes defining public highways in favor of the right of the public to have access to, and use of, section lines." *Reis v. Miller*, 1996 S.D. 75, ¶ 20, 550 N.W.2d 78, 83. The Legislature has allowed "[t]he fencing of a public highway . . . in *limited circumstances*." 2018 S.D. Op. Att'y Gen. 01 (emphasis added). SDCL 31-25-1.1 and SDCL 31-25-1 provide these limited permissible circumstances. If a party does not meet either statute's

---

6.    In support of its claim that the gates are not obstructions, Plowboy relies on *Frawley Ranches, Inc. v. Lasher*, 270 N.W.2d 366 (S.D. 1978). In *Frawley Ranches*, this Court noted, "Although the mere existence of a gate on a public highway may be the antithesis of public use, the practice has been statutorily recognized in the grazing lands of this state." *Id.* at 370. As support for that statement, we cited SDCL chapter 31-25, which only permits a gate if the landowner meets the provisions of either SDCL 31-25-1.1 or SDCL 31-25-1.

requirements, the erected gate extending across a section-line highway is an unlawful obstruction warranting removal.

> ii.     Whether Plowboy met the requirements of SDCL 31-25-1.1, which permits an individual to erect a gate across an unimproved section line.

[¶15.]     SDCL 31-18-1 provides, "There is along every section line in this state a public highway located by operation of law[.]"  "[T]hese section line rights-of-way cannot be lawfully obstructed by private citizens absent legal authority [to] do so." *Douville v. Christensen*, 2002 S.D. 33, ¶ 11, 641 N.W.2d 651, 654.  SDCL chapter 31-25 provides landowners two legal avenues for fencing across a section-line highway. First, the county commissioners can authorize a fence across an *improved* section-line highway when presented with a petition signed by a majority of the adjacent landowners and after completion of a hearing process.  *See* SDCL 31-25-1 (governing section-line highways not included in SDCL 31-25-1.1).  Second, SDCL 31-25-1.1 authorizes a landowner to fence an *unimproved* section-line highway, including erecting and maintaining an unlocked gate across an unimproved highway.  That statute defines an unimproved section-line highway as one "not commonly used as a public right-of-way and never altered from its natural state in any way for the purpose of facilitating vehicular passage." SDCL 31-25-1.1.  A party seeking to fence a section-line highway must prove both factors.  *See Black Hills Novelty Co., Inc. v. S.D. Comm'n on Gaming*, 520 N.W.2d 70, 74 (S.D. 1994) (all elements in conjunctive phrase must be met).  Said another way, if the party cannot establish either factor, the section line cannot be fenced under that statute.

[¶16.]     The parties agree that Plowboy did not receive permission to erect the gates from the county commission under SDCL 31-25-1.[7]  Because SDCL 31-25-1 does not apply, Plowboy argues that the gates are statutorily permissible under SDCL 31-25-1.1.  Plowboy, as the nonmoving party seeking to avoid summary judgment, was required to present specific evidence showing that genuine material issues of fact were in dispute as to whether the section line was (1) "not commonly used as a public right-of-way" and (2) "never altered from its natural state in any way for the purpose of facilitating vehicular passage."  SDCL 31-25-1.1.

> iii.     *Whether individuals altered the section line from its natural state in any way for the purpose of facilitating vehicular travel.*

[¶17.]     Plowboy contends that the circuit court erroneously determined that individuals altered the section-line highway from its natural state.  It claims the court failed to analyze the highway's alterations under this Court's definition of an unimproved section line found in *State v. Tracy*, 539 N.W.2d 327 (S.D. 1995).  Plowboy claims the section-line highway was merely a farm trail consisting of worn tire tracks, mud holes, and a malfunctioning culvert.

[¶18.]     *Tracy* involved the application of a nearly identical statute (SDCL 41-9-1.1), which prohibited road hunting on unimproved section lines.  *Id.* at 330.  At that time, the language of SDCL 41-9-1.1 prohibited road hunting on "unimproved

---

7.     According to Patterson, Plowboy contacted the township to have the section line designated a "no maintenance section line" under SDCL 31-13-1.4, but its attempt was not successful.  However, even on a "no maintenance section line" a landowner may not obstruct the roadway, and the township must still remove "a manmade obstruction, if needed, to maintain the public access." SDCL 31-13-1.4.

section lines not commonly used as public rights-of-way and never altered from their natural state in any way for the purpose of facilitating vehicular passage[.]" *Id.* at 330 n.3. We noted, in *Tracy*, that our prior decisions applying this statutory language focused on whether the section line was "improved for vehicular travel[.]" *Id.* at 330 (citing *State v. Peters*, 334 N.W.2d 217, 222 (S.D. 1983)). Drawing from earlier case law, we stated that "mere travel along a road does not constitute an improvement." *Id.* at 331 (citing *Smith v. Sponheim*, 399 N.W.2d 899, 902 (S.D. 1987)). Citing precedent, we provided a non-exhaustive list of the types of alterations that may constitute an improvement, including "widening the 'road,' grading and graveling it, and installing culverts and a drainage ditch." *Id.* (citing *Smith*, 399 N.W.2d at 902). In *Tracy*, this Court arrived at the definition "that a section line is improved for the purposes of 'facilitating vehicular passage' when the improvement is in the nature of intentional enhancement of the natural terrain's utility for travel or adaptation which will permit travel where it was not previously possible." *Id.* (citing Black's Law Dictionary 757 (6th ed. 1990)). This definition of an "improved section line" narrowed our prior definition found in *Peters*. We ultimately held, in *Tracy*, that the section line was unimproved because it consisted of mere tracks made by the landowner's machinery and contained a "deep marshy slough" that prohibited vehicle access. *Tracy*, 539 N.W.2d at 331-32.

[¶19.]     Our modification of the standard previously applied in *Peters* is also informative. The improvement recognized in *Peters* consisted of a set of tracks made by the landowner's farm equipment. 334 N.W.2d at 218-19. The dissent described the section line as cultivated ground, which the farmer had likely only

cleared of rocks. *Id.* at 223 (Dunn, J., dissenting). In *Tracy*, this Court abandoned the *Peters* analysis that found "any alteration" to be sufficient. 539 N.W.2d at 331.

[¶20.]     The section-line highway in this case involves much more than mere machinery tracks as in *Peters*. Nor is it blocked by a body of water as in *Tracy*. Although Plowboy characterizes the section line as a mud-filled set of worn tire tracks, the undisputed facts establish that this section-line highway has been intentionally enhanced for vehicular travel by the installation of a culvert and the addition of gravel. These are precisely the type of enhancements listed in *Tracy* which could constitute improvements. *Id.* at 330.

[¶21.]     The circuit court correctly applied the law and held that individuals altered the section line from its natural state to facilitate vehicular travel. The party seeking to fence across a section line must show that it is not commonly used and has not been altered from its natural state for the purpose of facilitating vehicular travel. Because the circuit court correctly concluded that the section line had been altered, we need not address whether it is commonly used. The circuit court did not err by granting Patterson's motion for partial summary judgment.

> **2.     Whether the circuit court's order and judgment may be immediately enforced and recognized as a final judgment when the ruling was not certified as a final judgment under SDCL 15-6-54(b).**

[¶22.]     The circuit court did not certify its ruling as a final judgment under SDCL 15-6-54(b). As a result, Plowboy asserts that the circuit court was unable to order the removal of the gates within twenty days. We agree.

[¶23.] SDCL 15-6-54(b), provides:

> When multiple claims for relief . . . are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims . . . shall not terminate the action as to any of the claims[,] . . . and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

[¶24.] SDCL 15-6-54(b) encompasses more than appellate jurisdiction. The statute also prescribes when and how a court may enter a final judgment in a proceeding involving multiple claims. In this matter, the circuit court granted a *partial* summary judgment motion resolving one claim in a matter involving multiple issues and counterclaims. To immediately enforce its order, SDCL 15-6-54(b) required the circuit court to address and articulate the relevant factors underlying its decision to certify the judgment as final. *See Stromberger Farms, Inc. v. Johnson*, 2020 S.D. 22, ¶¶ 22-23, 942 N.W.2d 249, 256-57. It did not do so. Accordingly, we vacate the order directing the removal of the gates within twenty days and remand the matter to the circuit court for further proceedings which may include certification of the order as final or staying the order until final resolution of all issues between the parties.

## Conclusion

[¶25.] The circuit court did not err in granting Patterson's motion for partial summary judgment. The undisputed material facts establish that the section line has been improved. We affirm, in part, vacate the order requiring the immediate

#29373

removal of the gates, and remand for further proceedings consistent with this decision.

[¶26.]     JENSEN, Chief Justice, and KERN, SALTER, and DEVANEY, Justices, concur.