#29911-dismiss-SPM
**2022 S.D. 71**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

KENNETH GOENS and
REBECCA GOENS,                                          Plaintiffs and Appellants,

      v.

FDT, LLC doing business as
DAKOTA ABSTRACT & TITLE CO.,              Defendant and Appellee,

      and

LYNN VANSLOTEN,                                         Defendant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
BROOKINGS COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE DAWN M. ELSHERE
Judge

* * * *

DENNIS D. EVENSON of
Gunderson & Evenson, LLP
Clear Lake, South Dakota                              Attorneys for plaintiffs
              and appellants.


THOMAS W. WILKA
SARA E. SCHROEDER of
Hagen, Wilka & Archer, LLP
Sioux Falls, South Dakota                             Attorneys for defendant and
              appellee.

* * * *

CONSIDERED ON BRIEFS
OCTOBER 3, 2022
OPINION FILED **11/23/22**

MYREN, Justice

[¶1.]     Kenneth and Rebecca Goens (the Goenses) appeal an order granting summary judgment in favor of FDT, LLC d/b/a Dakota Abstract & Title Co. (FDT). We dismiss for lack of appellate jurisdiction.

## Facts and Procedural History

[¶2.]     This case involves a disputed agreement between the Goenses and Lynn VanSloten for the sale of an empty lot.  Kenneth delivered the purchase agreement and VanSloten's earnest money check to FDT with the apparent intention that FDT would act as the closing agent.  A dispute arose regarding the earnest money check and purchase agreement.  The Goenses filed a complaint against FDT and VanSloten.  FDT answered the Goenses' complaint.  VanSloten answered the Goenses' complaint and asserted a counterclaim against the Goenses.

[¶3.]     The Goenses filed a motion for summary judgment against FDT and VanSloten.  FDT filed a motion for summary judgment asking the circuit court to dismiss the Goenses' claims against it.  VanSloten did not file any motions for summary judgment.  The circuit court denied the Goenses' motion for summary judgment against FDT and VanSloten.  The circuit court granted FDT's motion for summary judgment against the Goenses.  On October 12, 2021, the circuit court entered an order granting FDT's motion for summary judgment and dismissing with prejudice the Goenses' complaint against FDT.  Although this order resolved the Goenses' claims against FDT, it did not resolve the Goenses' claims against VanSloten or VanSloten's counterclaim against the Goenses.  The October 12 order

did *not* contain any certification under SDCL 15-6-54(b).[1]  On February 18, 2022, the Goenses filed a notice of appeal "from the final judgment rendered in this action on the 12th day of October, 2021."

## Jurisdiction

[¶4.]        "It is the rule in this state that jurisdiction must affirmatively appear from the record and this [C]ourt is required *sua sponte* to take note of jurisdictional deficiencies, whether presented by the parties or not."  *Elliott v. Bd. of Cnty. Comm'rs of Lake Cnty.*, 2005 S.D. 92, ¶ 17, 703 N.W.2d 361, 368 (quoting *State v. Phipps*, 406 N.W.2d 146, 148 (S.D. 1987)).  SDCL 15-26A-3 identifies the judgments and orders of circuit courts that may be appealed to this Court.[2]  When a circuit

---

1.    SDCL 15-6-54(b) provides:

> When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

2.    SDCL 15-26A-3 provides:

> Appeals to the Supreme Court from the circuit court may be taken as provided in this title from:
>         (1) A judgment;
>         (2) An order affecting a substantial right, made in any action, when such order in effect determines the action
>                                         (continued . . .)

court's ruling does not determine the claims of all parties in an action, "the ruling was not appealable as a matter of right unless the circuit court determined that there was no just cause for delay and directed entry of a final judgment [pursuant to SDCL 15-6-54(b)]." *Weisser v. Jackson Twp. of Charles Mix Cnty.*, 2009 S.D. 43, ¶ 2, 767 N.W.2d 888, 889; *see also Patterson v. Plowboy, LLC*, 2021 S.D. 25, 959 N.W.2d 55 (no 54(b) certification); *Nelson v. Estate of Campbell*, 2021 S.D. 47, 963 N.W.2d 560 (inadequate 54(b) certification); *First Nat'l Bank v. Inghram*, 2022 S.D. 2, 969 N.W.2d 471 (inadequate 54(b) certification); *Huls v. Meyer*, 2020 S.D. 24, 943 N.W.2d 340 (inadequate 54(b) certification).

[¶5.]        "Absent a certification under Rule 54(b)[,] any order in a multiple-party or multiple-claim action, even if it appears to adjudicate a separable portion of the controversy, is interlocutory." *Riede v. Phillips*, 277 N.W.2d 720, 722 (S.D.

---

(. . . continued)

and prevents a judgment from which an appeal might be taken;
(3) An order granting a new trial;
(4) Any final order affecting a substantial right, made in special proceedings, or upon a summary application in an action after judgment;
(5) An order which grants, refuses, continues, dissolves, or modifies any of the remedies of arrest and bail, claim and delivery, injunction, attachment, garnishment, receivership, or deposit in court;
(6) Any other intermediate order made before trial, any appeal under this subdivision, however, being not a matter of right but of sound judicial discretion, and to be allowed by the Supreme Court in the manner provided by rules of such court only when the court considers that the ends of justice will be served by determination of the questions involved without awaiting the final determination of the action or proceeding; or
(7) An order entered on a motion pursuant to § 15-6-11.

1979) (quoting Wright & Miller, Federal Practice & Procedure: Civil § 2654). Accordingly, this interlocutory judgment "is not a final judgment under SDCL 15-6-54(b) and is not appealable." *Id.* Because active claims remained in this action at the time of appeal and no Rule 54(b) certification was made, we dismiss for lack of appellate jurisdiction under SDCL 15-26A-3.

[¶6.]     JENSEN, Chief Justice, and KERN, SALTER, and DEVANEY, Justices, concur.